Harry MESSNER

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare.

Civ. A. No. 79–3860.

United States District Court, E. D. Pennsylvania.

March 18, 1980.

Ala Hamilton–Day, Philadelphia, Pa., for plaintiff.

Wm. J. McGettigan, Asst. U. S. Atty., Philadelphia, Pa., Roland L. Vaughan, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This action was brought under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to review a final decision of the Secretary of Health, Education and Welfare denying the plaintiff a period of disability and disability insurance benefits under Sections 216(i) and 223, respectively, of the Social Security Act, as amended, 42 U.S.C. Sections 416(i) and 423. The matter is before us on cross motions of the parties for summary judgment. For the reasons to follow, we shall grant the defendant's motion for summary judgment.

Title 42 U.S.C. Section 405(g) provides that the findings of the Secretary as to any fact shall be conclusive if supported by substantial evidence. Consequently, in a suit for judicial review of a final decision by the Secretary, the sole question for the Court is whether the finding of the Secretary that the plaintiff was not entitled to receive disability insurance benefits is supported by substantial evidence. Substantial evidence is such relevant "evidence which a reasoning mind would accept as sufficient to support a conclusion". *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971), *cert. denied*, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971); *Simpson v. Califano*, E.D.Pa. C.A. 79–1998, slip opinion dated January 16, 1980; *Barats v. Weisberger*, 383 F.Supp. 276, 278 (E.D.Pa.1974).

After careful review of the record, we find that the Secretary's decision that plaintiff is not entitled to a period of disability or disability insurance benefits is supported by substantial evidence.

Under the Social Security Act, plaintiff has the burden of establishing a disability as defined by the Act. *Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837 (3d Cir. 1974). In order to carry his burden, plaintiff must prove first that he has a medically determinable physical or mental impairment, and second, the impairment must be such as to render the plaintiff unable to engage in any substantial gainful activity. 42 U.S.C. Sections 423(d)(1)(A) and 423(d)(2)(A); *Hargenrader v. Califano*, 575 F.2d 434 (3d Cir. 1978); *Baker v. Gardner*, 363 F.2d 864 (3d Cir. 1966). Substantial gainful activity is defined as work which exists in significant numbers in the national economy. 42 U.S.C. Section 423(d)(2)(A).

In determining whether a person is able to perform any substantial gainful activity, the Secretary must consider four elements of proof: (1) medical data and findings; (2) expert medical opinions; (3) subjective complaints; and (4) the plaintiff's age, education and work history. 42 U.S.C. Sections 416(i) and 423(d)(2)(A); *DePaepe v. Richardson*, 464 F.2d 92 (5th Cir. 1972); *Davila v. Weinberger*, 408 F.Supp. 738 (E.D. Pa.1976); *Barats v. Weinberger, supra.*

Plaintiff, Harry Messner, was born July 2, 1937, has a high school education, and vocational training as a radar technician and repairman. From 1957 to September 30, 1977, he worked for Lukens Steel, being

employed by Lukens as an ultrasonic sound technician for the past thirteen to fourteen years.

He filed his application for a period of disability and disability insurance benefits on April 17, 1978. He alleged disability commencing September 30, 1977 due to partial blindness of the right eye, diabetes, and rheumatoid arthritis. The application was denied. Plaintiff, represented by counsel, appeared at a *de novo* hearing before an Administrative Law Judge on February 15, 1979. The Administrative Law Judge found that plaintiff was not under a disability.

After reviewing the medical evidence and the testimony, the Administrative Law Judge found that plaintiff had shown the existence of medically determinable physical impairments. However, he concluded that although plaintiff could not return to his former work as an ultrasonic sound technician, he was not precluded from engaging in all substantial gainful activity.

The medical evidence is as follows. Plaintiff was hospitalized from January 23, through February 11, 1978, complaining of visual loss in his right eye and depression. At the time of admission he had been under the care of Dr. John Beem, an ophthalmologist. Repeated visual field examinations and other ophthalmological examinations revealed that he had an occlusion of one of the arteries in the right eye. Admission was warranted in order to complete a work–up, both to evaluate the etiology of his visual loss and to control his depression and anxiety. Plaintiff was placed under the care of Dr. Kenneth Sandler and Dr. J. D. Alexander, who diagnosed occlusion of the central retinal artery, right eye, with subsequent visual loss. An x–ray of his dorsal spine and lumbar spine disclosed degenerative changes in the lower segments of the dorsal spine with very minimal hypertropic lipping in the mid and lower portions of the lumbar spine. (Tr. 107). A quantitative rheumatoid factor was taken which disclosed positive evidence of rheumatoid arthritis. Diabetes mellitus was ruled out. (Tr. 105). On February 11, 1978,

plaintiff was discharged on Coremadin therapy, Tylenol, deep heat to the knees, ankles, and hips, to continue under the care of Dr. Sandler and Dr. Alexander.

In a report dated May 18, 1978, Dr. J. D. Alexander noted that he had examined plaintiff on May 11, 1978. He diagnosed occlusion of the central retinal artery, right eye, with subsequent visual loss, rheumatoid arthritis, depressive neurosis with anxiety, and mild diabetes. Dr. Alexander also found plaintiff to be suffering from a loss of grip strength in the left hand, mild functional limitation for sitting and standing, moderate functional limitation for bending, walking and lifting, and no severe functional limitations. (Tr. 118).

On August 3, 1978, at the request of the Social Security Administration, plaintiff was examined by Dr. Jack Bocher, a Board–certified orthopedic surgeon. On examination, Dr. Bocher found general tenderness over the lower lumbar spine. Range of motion forward flexion 60 degrees, extension 15 degrees, and lateral bending 15 degrees. Neuromuscular examination of both lower extremities failed to reveal any evidence of motor deficit, sensory loss or reflex changes. Examination of the upper and lower extremities failed to reveal any evidence of active rheumatoid arthritis in that there was no heat, redness, synovial thickening, or joint laxity. Based on the history and physical findings, Dr. Bocher concluded that plaintiff could not return to work "at the present time." His loss of vision of itself and the fact that he was on anticoagulation therapy negated any type of meaningful employment. Plaintiff's back pain was thought to be a mechanical problem unrelated to rheumatoid arthritis. (Tr. 126–127).

Plaintiff was hospitalized from November 6, through November 12, 1978, complaining of pain in his back, hip and knees for three or four months duration. Final diagnosis included: active acute rheumatoid arthritis; mild degenerative changes, dorsal spine; type IV hyperlipo–proteinemia; status–post occlusion of central retinal artery, right eye, with subsequent visual loss; depressive

neurosis with anxiety. The report shows that, notwithstanding a diagnosis of rheumatoid arthritis, the rheumatoid factor was negative and the sedimentation rate was within normal limits. (Tr. 132–133).

The medical data and findings indicate that the right eye impairment does cause plaintiff to suffer loss of functional efficiency with curtailment of physical activities. However, Dr. Narendra Krishna, an ophthalmologist, reported on May 24, 1978, that plaintiff had normal 20/20 vision in his left eye. (Tr. 123). Therefore the record supports the Administrative Law Judge's conclusion that the visual limitations prevent the claimant from returning to his usual work activities which required wide fields of vision, constant visual stress, or constant use of both eyes but do not preclude plaintiff from engaging in all gainful activity.

In regard to the allegation of rheumatoid arthritis, the evidence on record is inconclusive. Analyses of tests for rheumatoid arthritis were on occasion both positive and negative. Dr. Alexander's examination on May 11, 1978, revealed only mild functional limitations for sitting and standing, moderate functional limitations for bending, but no severe functional limitations. (Tr. 118). On August 17, 1978, Dr. Bocher noted range of motion of the lumbar spine only slightly restricted and he found no evidence of active rheumatoid arthritis. In essence, the record supports the Administrative Law Judge's decision that the objective evidence does not show a disability due to rheumatoid arthritis.

Similarly, we find sufficient evidence on the record supporting the Administrative Law Judge's finding that the depression and anxiety neurosis created severe psychological impairment. The record does not indicate any significant care or medication received by plaintiff for this condition. Moreover, Dr. Sandler reported on January 22, 1978, that plaintiff was only moderately anxious and depressed. (Tr. 105).

Plaintiff also alleged disabling joint pain. Although there is some physical basis for plaintiff's claim, the evidence of record does not support the allegations as to the level of severity, frequency and duration of the pain.

■ Pain can constitute a disability only if it is not remediable and is of such severity as to preclude an individual from engaging in substantial gainful activity. *Baith v. Weinberger*, 378 F.Supp. 596 (E.D. Pa.1974). Symptoms which are real to the claimant must be carefully considered. *Bittel v. Richardson*, 441 F.2d 1193 (3d Cir. 1971). However, the possibility of fabrication or exaggeration by the claimant cannot be overlooked. *Baith v. Weinberger, supra.* Accordingly, when evaluating the evidence, the Secretary must consider the credibility of a claimant's testimony as to pain. *Barats v. Weinberger, supra.* We find that the Administrative Law Judge gave due consideration to plaintiff's subjective complaints of pain. The record indicates that treatment for the pain has been conservative, consisting of Tylenol, an over–the–counter drug. There is also evidence that plaintiff engages in activities inconsistent with the degree of pain he claims to suffer.

Finally, the Administrative Law Judge considered the plaintiff's age, educational background and work history in light of the Secretary's new regulations which became effective February 26, 1979. Those regulations, 20 C.F.R. Sections 404.1501–404.1539 (1979), and the tables contained in Subpart P, Appendix 2, were adopted "to consolidate and elaborate upon long–standing medical–vocational evaluation policies for adjudicating disability claims in which an individual's age, education, and work experience must be considered in addition to the medical condition". *See,* 43 Fed.Reg. 55349 (1978). The regulations direct a finding of disability or no disability where the findings of fact in a particular case coincide with the criteria established in the rules and tables of Subpart P, Appendix 2. 20 C.F.R. Section 404.1513.

In the present case, the Administrative Law Judge determined that the medical evidence showed that plaintiff's functional capacity is sufficient to enable him to perform "sedentary work" defined by Regula-

tion Section 404.1510 as work which entails lifting ten pounds maximum and occasionally lifting or carrying such articles as dockets, e. g., files, ledgers and small tools. Plaintiff's age is 41, a "younger individual" under Regulation Section 404.1501(b), has a "high school education" as defined by Regulation 404.1507(e), has a skilled work background and has transferable skills. Therefore the Administrative Law Judge correctly applied Rule 201.29, Table No. 1 of Appendix 2, Subpart P of Regulations No. 4 and made a proper finding that plaintiff is not disabled. We note that the Administrative Law Judge properly evaluated the clinical findings of plaintiff's condition and did not capriciously overlook Dr. Alexander and Dr. Bocher's conclusion that it was impossible for plaintiff to work. We agree with the Secretary's conclusion that jobs which are both gainful and substantial remain within plaintiff's residual capacity. This has been shown by substantial evidence. Thus, as here, when a Social Security disability applicant has the ability to engage in gainful employment, disability benefits are properly denied.