**Mary RICH**

v.

**Patricia Roberts HARRIS.**

**Civ. A. No. 80–1237.**

United States District Court,
E. D. Pennsylvania.

Nov. 20, 1980.

David L. Hill, Community Legal Services, Philadelphia, Pa., for plaintiff.

Rachel Shao, Asst. U. S. Atty., Eastern Dist. of Pennsylvania, Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Pursuant to 42 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g), plaintiff Mary Rich brought this action to appeal the final decision of defendant Secretary of Health, Education and Welfare,[1] who found that plaintiff's claim of a disability entitling her to Supplemental Security Income (SSI) benefits was limited to the period, April 26, 1977 to June, 1979. The parties have filed cross-motions for summary judgment. After careful consideration of the record, the arguments made by the parties in support of their respective motions and the applicable case law, I deny both motions and remand the case to the Secretary for additional findings by the administrative law judge and, if requested by either of the parties, for an additional hearing.

The procedural history of this case is as follows. On June 30, 1977, Ms. Rich filed an application with the Social Security Administration, attempting to establish eligibility for SSI benefits. (Tr. 46) Although her initial application was denied (Tr. 52), on reconsideration she was diagnosed as suffering from psychoneurotic disorder (depressive reaction) and nerve root compression syndrome, found to be disabled and thus entitled to SSI benefits. (Tr. 54) Thereafter, the Social Security Administration reviewed the case, determined that claimant's disability ended in June, 1979 and on July 23, 1979, notified Ms. Rich that she was no longer eligible for SSI benefits. (Tr. 59–62)

At her request, the claimant was afforded a hearing before an administrative law judge (ALJ) on the termination of her benefits. Considering her case de novo, the ALJ found that Ms. Rich's disability ended in June, 1979 (Tr. 9–14), and his decision became the final decision of the Secretary of HEW when it was adopted by the Appeals Council of the Social Security Administration on March 10, 1980. (Tr. 3–4) It is the decision to terminate her SSI benefits which is the subject of this appeal.

Mary Rich, the plaintiff/claimant in this matter, is a fifty year old divorced woman with two minor children. (Tr. 30) Ms. Rich completed her formal education at the end of the eighth grade (Tr. 30), and her employment history appears to be limited to jobs as a waitress and a cashier in a grocery store. (Tr. 31, 33) It is claimant's contention that she has not been able to work since at least 1975 and continues to be unable because she suffers from various ailments, most notably back trouble. (Tr. 36).

During her hearing before the Social Security Administrative Law Judge (ALJ), the claimant testified that she experiences considerable pain in her back which requires her to take a Tylenol/codeine prescription medication (Tr. 37) and to be in traction on a daily basis. (Tr. 34) In addition, claimant stated that in the months just before her hearing she developed severe chest pains, resulting in a ten day hospitalization in October of 1979 and requiring her to take several medications, including nitroglycerin. (Tr. 31–33, 36) According to plaintiff, she also has phlebitis in both legs which developed in 1970 after she had a hysterectomy. (Tr. 33)

Claimant further testified that as a result of her back and heart problems and the attendant pain, her activities are much restricted. She claims she cannot do heavy housework (Tr. 34) or the laundry (Tr. 39) or even sit through a movie. (Tr. 42) Apparently, the most significant restriction on her daily life is her need to be in traction. Ms. Rich testified that she has a home trac-

---

1. The Department of HEW is now called the Department of Health and Human Services, and I shall refer to it as such throughout the rest of this memorandum.

tion unit, and that back problems require her to be in traction on a daily basis in a regime of two hours on traction and two hours off, throughout the day. (Tr. 25, 32, 34, 35, 41)

The issue raised by the cross–motions for summary judgment is whether the decision of the Secretary is supported by substantial evidence. Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). Having carefully reviewed the record and for the reasons set forth in the following discussion, I conclude that the findings and analysis of the evidence by the ALJ are insufficient to permit a decision.

In order to qualify as disabled under the SSI program, a claimant must establish that 1) he has a medically determinable physical or mental impairment which can be expected to result in death, or which has lasted, or can be expected to last, for a continuous period of not less than twelve months, 42 U.S.C. § 1382c(a)(3)(A) (1973, as amended), and 2) such impairment is of sufficient severity to prevent the claimant from engaging in any kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

▪ A claimant bears the initial burden in proving disability; this burden is satisfied by showing that because of an impairment she cannot return to her customary occupation. *Rossi v. Califano,* 602 F.2d 55, 57 (3d Cir. 1979). The burden then shifts to the Secretary to show that the claimant, given her age, training and work experience, is capable of performing specific jobs existing in the national economy. *Id.*

Apparently, it is undisputed that Ms. Rich is not physically capable of doing her previous work as a cashier or waitress. In his opinion, the ALJ stated that Ms. Rich "has

the residual functional capacity to do sedentary work, which entails lifting 10 pounds maximum and occasionally lifting or carrying such articles as docket, files, ledgers and small tools." (Tr. 13) In addition, the ALJ's decision found that Ms. Rich's case, given her age, education, work experience and physical capacity, is governed by Vocational Rule 201.18. (Tr. 13)

The Vocational Rules found in Appendix 2 of Subpart I, 20 C.F.R. § 416, serve as guidelines for determining whether jobs exist in the national market for claimants who are not presently employed and are prevented by medically determinable impairments from returning to their previous occupation. Each rule comprehends the four factors of age, education, work experience and physical capacity, all of which must be considered in determining whether the claimant can do work existing in the national economy. When the ALJ's findings of fact as to the four factors coincide with those in a particular rule, the rule directs a conclusion of disabled or not disabled. 20 C.F.R. § 416.913.

Vocational Rule 201.18, which the ALJ found to govern Ms. Rich's case, directs a finding of not disabled in a case where the claimant is under 50 years of age, has a limited education, unskilled work experience and the capacity for sedentary work. It is undisputed that at the time the ALJ rendered his opinion, the first three factors fit Ms. Rich.[2] At issue is the ALJ's determination that the claimant is capable of doing sedentary work. If this determination is not supported by substantial evidence, the ALJ's finding that Ms. Rich is not disabled, based as it is on the application of Vocational Rule 201.18, would fall.

For purposes of the SSI program, sedentary work is defined as

... entail[ing] lifting 10 pounds maximum and occasionally lifting or carrying such articles as dockets (e. g., files), ledgers, and small tools. Although a seden-

---

**2.** Ms. Rich has since become fifty years old. Therefore, under the Vocational Rules, Ms. Rich now fits into a new age category, that of

an individual approaching advanced age. 20 C.F.R. § 416.906(c).

tary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 416.910(b)

Ms. Rich maintains that she is unable to work even in a sedentary job because she cannot walk, stand, bend, or sit for any length of time, and she must be in traction for periods throughout the day.

The evidence of record dealing with Ms. Rich's health and capacity to work at the time her SSI benefits were terminated consists of a transcript of her testimony before the ALJ, written evaluations by two physicians, several brief letter reports by other physicians and various hospital records. Viewing the ALJ's opinion in light of this record, it is clear that the opinion is based on selectively extracted pieces of evidence.

In reviewing Social Security cases, the Third Circuit repeatedly has emphasized the duty of an administrative law judge to analyze all evidence and to make comprehensive findings which sufficiently explain the weight he has given obviously probative evidence. *See, e. g., Dobrowolsky v. Califano,* 606 F.2d 403, 409 (3d Cir. 1979). *Gober v. Matthews,* 574 F.2d 772, 777 (3d Cir. 1978); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1975). When a claimant is not represented by counsel, as Ms. Rich was not at the time of her hearing, the ALJ has a heightened duty to develop the record. *Livingston v. Califano,* 614 F.2d 342, 345 (3d Cir. 1980); *Dobrowolsky, supra,* 606 F.2d at 409.[3]

■ The ALJ's opinion in this case fails to discuss or even identify several important pieces of evidence. For example, in the course of her rather brief testimony, Ms. Rich referred no less than five times to the fact that she has a traction unit in her home which she uses daily. (Tr. 25, 32, 34, 35, 41) In addition, the written report by

her treating physician, Dr. Robert A. Ball, mentions that Ms. Rich uses a home traction unit for treatment of her back problems. The ALJ's opinion, however, does not even mention the claimant's traction program. That Ms. Rich is in traction on a daily basis is an important factor, bearing both on her claims of disability and on the question of whether she can work an eight hour day in a job outside her home; it should have been evaluated and discussed by the ALJ in his decision.

Another example of the ALJ's failure to make adequate findings and develop the record in this case is his treatment of the report written by Dr. Ball. (Exhibit 17, Tr. 90) In that part of his opinion entitled "Evaluation of the Evidence" the ALJ includes a paragraph which purportedly summarizes Dr. Ball's report on his physical examination of Ms. Rich on June 19, 1979. This summary, however, fails to discuss some salient points made by Dr. Ball. Although the ALJ refers to the fact that the report states that plaintiff's lumbarlordosis had increased, he fails to mention that Dr. Ball describes Ms. Rich as being disabled. The Third Circuit has found that an administrative law judge may choose between properly submitted medical opinions. *Gober v. Matthews,* 574 F.2d 772, 777 (3d Cir. 1978). However, by not adequately addressing important points made in Dr. Ball's report nor even mentioning a letter written by Dr. Marvin Schatz (Tr. 102) which describes Ms. Rich as "totally disabled,"[4] the ALJ has not sufficiently explained why he relied primarily on the opinion of Dr. Nicholas G. Frignito, the physician hired by the Social Security Administration to examine the claimant.

As I believe the foregoing discussion has shown, the opinion of the ALJ that Ms. Rich can do sedentary work and thus, under Vocational 201.18, is not disabled does not adequately evaluate and discuss the relevant, probative medical evidence in the rec-

---

3. The ALJ informed Ms. Rich of her right to counsel and offered to continue the hearing so she could obtain counsel. She declined this offer.

4. The Third Circuit has stated that a doctor's finding that a claimant is disabled is entitled to "substantial weight." *Lewis v. Califano,* 616 F.2d 73, 76 (3d Cir. 1980).

ord. As the Third Circuit did in the *Dowbrowolsky* and the *Livingston* cases, I will remand this matter for additional findings. While I am remanding this case for additional findings of fact, since Ms. Rich now is represented by counsel, either party may request an additional hearing before the ALJ.