Eddie TUNSTALL, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 79–2708.

United States District Court, E. D. Pennsylvania.

March 31, 1981.

Thomas F. McDevitt, Philadelphia, Pa., for plaintiff.

Susan Dein Bricklin, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This is an action brought under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Secretary of Health and Human Services denying disability benefits to the plaintiff, Eddie Tunstall. The Secretary has filed a motion for summary judgment and the plaintiff has filed a "Motion for Remand" in lieu of an answer to the Secretary's motion. The matter was referred to a United States Magistrate pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 7. The Magistrate recommended that the motion for summary judgment be denied and the case be remanded to the Secretary for the taking of additional evidence. He concluded that the Administrative Law Judge's (ALJ's) finding that the plaintiff retains a

residual functional capacity to engage in sedentary labor was not supported by substantial evidence. The Magistrate also believed that certain additional medical evidence, which was proffered by the plaintiff after the Appeals Council's denial of his request for review, was material to plaintiff's ability to engage in sedentary labor and thus warranted a remand under 42 U.S.C. § 405(g) as amended by the Social Security Disability Amendments of 1980, Pub.L. 96–265, § 307, 94 Stat. 458 (1980).

The Secretary has filed untimely [1] objections to the Magistrate's report. He contends that the Magistrate erred in apparently requiring the introduction of a vocational expert's testimony to support a finding that there are specific sedentary jobs which the plaintiff can perform and that these jobs exist in significant numbers in the national economy. The Secretary also argues that the additional evidence offered by the plaintiff is cumulative and does not warrant a remand. After a careful review of the entire record, I have concluded that the Secretary's objections are without merit.

The plaintiff is a 52 year old high school graduate who since 1947 has been employed as a farm laborer, can packer, machine loader in a wool factory, cab driver, press operator and mechanic (Tr. 47–58).[2] From 1959 until 1970 he was employed by the City of Philadelphia as a truck mechanic in the sanitation department (Tr. 58–59). In 1970, he was promoted to the position of a road tester of vehicles for the police department (Tr. 59–60). In August of 1977, while driving to Philadelphia from Richmond, he passed out behind the wheel of his car (Tr. 61, 134). He was rushed to Prince George's County Hospital in Cheverly, Maryland, where he became comatose and underwent two generalized seizures (Tr. 134). A brain scan revealed a left occipital infarct (Tr. 133). Tunstall remained in Prince George's Hospital for eight days after the incident and was then transferred to John F. Kennedy Memorial Hospital in Philadelphia where he was released and treated on an outpatient basis (Tr. 62). He has not worked since that time (Tr. 147).

The plaintiff filed an application for disability insurance benefits on November 18, 1977, claiming disability as of August 16, 1977, due to a "heart attack" (Tr. 81–84). The initial application was denied by a disability examiner (Tr. 88–89) as was a subsequent request for reconsideration (Tr. 86). The claim was then considered *de novo* by an ALJ before whom plaintiff and counsel appeared on March 14, 1979. The medical evidence considered by the ALJ consisted of plaintiff's records from Prince George's and John F. Kennedy Hospitals as well as reports by Drs. Ravi Sapra and Harry Shubin. Dr. Sapra examined the plaintiff to ascertain the cause of his complaints of abdominal pain. He concluded that there was no organic basis for the alleged stomach problems (Tr. 146). By contrast, Dr. Shubin diagnosed the plaintiff as suffering from post cerebral infarction with residual weakness and organic brain syndrome; chronic obstructive and restrictive pulmonary disease with pulmonary insufficiency; post rheumatic fever, mitral stenosis, and aortic insufficiency; chronic liver disease—cirrhosis/hepatitis; and emotional instability with impotence (Tr. 147–49). On the basis of this diagnosis, Dr. Shubin concluded that the plaintiff "meets the requirements by equivalences of total and permanent disability." (Tr. 149).

---

1. The report was filed, and copies sent to both parties, on January 28, 1981. Under 28 U.S.C. § 636(b)(1) and Local Rule 7, the parties had 10 days after being served with the report to file written objections. As of February 9, 1981, none had been filed and the report was sent by the clerk to my chambers with a notation that no objections had been received. On February 19, 1981, a full 10 days after the time period for the filing of objections had expired, the Secretary filed a "Motion for Extension of Time" seeking an additional 10 days within which to file written objections. Then, on February 25, 1981, before the Court had acted on the motion, the Secretary proceeded to file the objections described in this memorandum. Counsel for the plaintiff has waived any procedural objection he may have had and has filed a responsive answer to the objections.

2. He also served in the United States Army for approximately two years in 1951–52. (Tr. 50–51).

At the hearing, Tunstall testified that on a normal day, he gets up at approximately 6:00 a. m. and walks his dog for several blocks (Tr. 67). He then returns home, eats breakfast, and walks around the corner to visit with a friend for the rest of the morning. *Id.* After lunch, he either sleeps or visits with another friend who lives two blocks away (Tr. 68). His friend owns an automobile and occasionally takes plaintiff for a ride to "a place where 6 or 8 retirees hang out." *Id.* He then returns home, eats dinner, and watches television until 8:30 or 9:00 p. m. when he goes to bed. *Id.*

With respect to his symptoms, Tunstall testified that approximately two or three times a week he has a dizzy spell and blacks out (Tr. 64–65). He further testified that he has shortness of breath which precludes his walking more than a couple of blocks (Tr. 66) and that he tires very easily (Tr. 72–73). Finally, he stated he suffers from severe pain in the pit of the stomach (Tr. 69–70) and that he is incapable of tolerating extremes of cold and heat (Tr. 74–75).

Based upon this evidence, the ALJ concluded "[t]he medical evidence establishes that the claimant has mitral stenosis, past embolic infarction and obstructive-restrictive disease" and "is unable to perform his past jobs as automobile mechanic or equipment inspector" (Tr. 22). However, the ALJ then found that the plaintiff retains the residual functional capacity for sedentary labor. *Id.* Having made this finding, he correlated Tunstall's capacity for sedentary work with the factors of age, education, and previous work experience, as mandated by the vocational rules found in 20 C.F.R. § 404, Subpart P, Appendix 2 §§ 200.00 *et seq.*, and determined that Tunstall is not disabled within the meaning of the Social Security Act.[3]

The Magistrate determined that the ALJ's finding of capacity to engage in sedentary labor was not supported by substantial evidence and could not, therefore, sustain a finding of nondisability. Specifically, the Magistrate pointed to the lack of evidence concerning plaintiff's physical and mental capacity to perform particular jobs which exist in the national economy and observed that "[a]lthough there is no *per se* rule that a vocational expert's evaluation is necessary, a general statement that plaintiff can engage in sedentary work does not satisfy the substantial evidence test where plaintiff, being unable to return to his former employment, has established a prima facie case of disability." *Report-Recommendation* at 5 (Docket No. 9).

The Secretary has objected to this portion of the Magistrate's report insofar as it seemingly requires a finding of nondisability to be supported by expert vocational testimony that (1) there are specific sedentary jobs which plaintiff can perform and (2) such jobs exist in the national economy. It is contended that the vocational rules which were applied by the ALJ in this case take administrative notice of the existence of jobs which are available in the national economy. Thus, when a finding of nondisability can be made by correlating the criteria set forth in the rules with the ALJ's findings of fact, it need not be supported by the testimony of a vocational expert.

■ The Secretary's position is undoubtedly correct as an abstract statement of law. *See* 20 C.F.R. § 404, Subpart P, Appendix 2 § 200.00(b); *Messner v. Califano*, 496 F.Supp. 1007, 1010–11 (E.D.Pa.1980). However, it begs the dispositive question of whether the ALJ's finding that Tunstall is capable of engaging in sedentary labor is supported by substantial evidence.[4] If it is

3. Specifically, the ALJ applied vocational rules 201.15 and 201.16. Both rules are premised upon a finding that the claimant has the maximum sustained work capability limited to sedentary work. They both encompass further findings that the claimant is "closely approaching advanced age" and is a high school graduate. Rule 201.15 applies to a claimant who has previous work experience of skilled or semi-skilled-skills transferrable while Rule 201.16 is applicable to skilled or semiskilled-skills not transferrable. Under either rule, when the ALJ's findings as to work capacity, age, education and previous work experience comport with the criteria set forth in the rules, a finding of "not disabled" is mandated.

4. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as

**474**

not, the ALJ's finding of nondisability premised upon the application of vocational rules 201.15 and 201.16 cannot be sustained on review. *Rich v. Harris,* 503 F.Supp. 1041, 1043 (E.D.Pa.1980). *Ralls v. Harris,* No. 78–4055, slip op. at 3–4 (E.D.Pa. Nov. 4, 1980).

■ A careful review of the record convinces me that the ALJ's finding that Tunstall is capable of performing sedentary labor is not supported by substantial evidence. There is no question that the plaintiff met his burden of showing that he is unable to return to his former occupation as an equipment tester and mechanic. The ALJ so found and this finding is clearly supported by the evidence. *See Rossi v. Califano,* 602 F.2d 55, 57 (3d Cir. 1979). It was then incumbent upon the Secretary to show, by competent medical evidence, that the plaintiff is able to engage in some alternative means of employment. *Dobrowolsky v. Califano,* 606 F.2d 403, 410 (3d Cir. 1979). The ALJ's finding that Tunstall is physically capable of performing sedentary labor was premised upon two factors—that his testimony concerning his daily activities was inconsistent with his complaints of weakness, fatigue, dizziness, and occasional blackouts—and upon the report by Dr. Sapra indicating that there exists no organic basis for the plaintiff's alleged stomach problems. Neither of these considerations, either separately or in conjunction, is sufficient to sustain the ALJ's finding.[5]

■ It is well settled that the capacity to perform sporadic, intermittent, or transitory activities does not constitute ability to engage in substantial gainful activity under the Social Security Act. *Ralls v. Harris, supra,* slip op. at 7–8; *Barats v. Weinberger,* 383 F.Supp. 276, 284 (E.D.Pa.1974). In-

deed, as the Court of Appeals recently noted "[the claimant's] sporadic and transitory activities may demonstrate not his ability but his inability to engage in substantial gainful activity." *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981), quoting *Willem v. Richardson,* 490 F.2d 1247, 1249 n. 4 (8th Cir. 1974), and *Wilson v. Richardson,* 455 F.2d 304, 307 (4th Cir. 1972). Here, Tunstall's daily routine is in no way inconsistent with that of a man suffering from the physical infirmities of which he complains. If anything, it comports with the routine of a person capable of nothing more than a short walk down the street.

■ The ALJ also premised his finding upon Dr. Sapra's conclusion that there exists no organic basis for plaintiff's complaints of stomach pain. In so doing, he ignored the comprehensive report submitted by Dr. Shubin who diagnosed the plaintiff as suffering from a wide variety of ailments and opined that he is totally and completely disabled. It·is well settled in this circuit that "the special nature of proceedings for disability benefits dictates extra care on the part of the agency in developing an administrative record and in explicitly weighing all evidence." *Dobrowolsky v. Califano, supra,* 606 F.2d at 406–07. As has been repeatedly emphasized:

> In our view an examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based so that a reviewing court may know the basis. for the decision. This is necessary so that the court may properly exercise its responsibility under 42 U.S.C. ·§ 405(g) to determine if the Secretary's decision is supported by substantial evidence.

adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938).

5. The ALJ also observed that "[Tunstall's] actions at the hearing were not indicative of either constant, persistent or chronic episodic pain severe enough to be disabling." (Tr. 19–

20). The Court of Appeals has frequently held that an ALJ's lay observation that a claimant appears healthy or does not appear disabled cannot constitute substantial evidence supporting an ultimate determination of nondisability. *Kelly v. Railroad Retirement Board,* 625 F.2d 486, 494 (3d Cir. 1980); *Lewis v. Califano,* 616 F.2d 73, 76–77 (3d Cir. 1980); *Gober v. Matthews,* 574 F.2d 772, 777 (3d Cir. 1978).

*Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975). *See also Smith v. Harris*, 644 F.2d 985, at 989 (3d Cir. 1981); *Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978); *Gober v. Matthews, supra*, 574 F.2d at 776 n. 14. Consistent with this general principle, the Court of Appeals has held that a hearing officer must provide an explanation of why he has disregarded relevant probative evidence or why certain evidence was credited and conflicting evidence rejected. *Cotter v. Harris*, 642 F.2d 700 at 706–07 (3d Cir. 1981). Here, Dr. Shubin's report was highly probative of plaintiff's capabilities and unequivocally supported his claim of total disability. Nevertheless, the ALJ premised a finding of nondisability solely upon Dr. Sapra's rather cursory report without providing any explanation of why he apparently did not accept Dr. Shubin's contrary conclusions. In the absence of such an explanation, I cannot say that the ALJ's finding of nondisability is supported by substantial evidence.

■ In view of my conclusion that the ALJ's finding that plaintiff is capable of sedentary labor cannot be sustained, the finding of automatic nondisability under the vocational rules is likewise deficient. *Ralls v. Harris, supra*, slip op. at 3–4. The finding of nondisability could only be sustained if the Secretary had introduced evidence of specific jobs existing in the national economy which the plaintiff is capable of performing. *Id.* Since no such evidence was introduced, by means of a vocational expert or otherwise, I agree with the learned Magistrate's conclusion that this matter should be remanded for the taking of additional evidence bearing upon the existence of specific jobs which the plaintiff is capable of performing and for additional findings by the ALJ regarding plaintiff's capabilities.

■ The Appeals Council denied Tunstall's request for review on June 28, 1979 (Tr. 9). On August 24, 1979, his attorney forwarded the Council an additional report by Dr. Shubin which enclosed the results of an electroencephalogram, a liver scan, a barium enema, an upper gastrointestinal series, and a CAT brain scan. Dr. Shubin concluded that "[t]he abnormal liver scan and CAT brain scan further confirms my diagnosis of liver and brain pathology which makes [Tunstall] totally disabled from gainful employment." (Tr. 3) The Magistrate believed that this evidence was material to plaintiff's capacity for sedentary labor and thus warranted a remand under 42 U.S.C. § 405(g) (as amended). The Secretary objects to this determination, insisting that the evidence is cumulative. I conclude that I need not resolve this dispute.

Prior to June 9, 1980, 42 U.S.C. § 405(g) provided that "[t]he court . . . may at any time on good cause shown, order additional evidence to be taken before the Secretary." This section was amended by the Social Security Disability Amendments of 1980, Pub.L. No. 96–265, § 307, 94 Stat. 458, to alter the "good cause shown" standard to permit such a remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." Under the plain terms of the amended statute, the newly proffered evidence would, of itself, constitute a ground for remand only if it is material and plaintiff has shown good cause for his failure to have it incorporated into the administrative record. These standards, however, are applicable only if the decision of the Secretary is supported by substantial evidence in the first instance. *Torres v. Harris*, 502 F.Supp. 518, 520 (E.D. Pa.1980); *Boyle v. Harris*, 506 F.Supp. 294, 298 n. 5 (E.D.Pa.1980). Where, as here, the Secretary's decision is not supported by substantial evidence and the matter is being remanded on that basis, a full and fair rehearing requires that Dr. Shubin's report be incorporated into the record and considered by the ALJ on remand. In so holding, I express no opinion on whether the new evidence would in itself warrant a remand under 42 U.S.C. § 405(g) (as amended).