Jesus IBARRA, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. C–80–3663 MHP.

United States District Court, N. D. California.

Nov. 27, 1981.

Joel K. Harter, Emily D'Orazio, Sam K. Yee, Thomas W. Pulliam, Jr., San Francisco Neighborhood Legal Assistance Foundation, San Francisco, Cal., for plaintiff.

G. William Hunter, U. S. Atty., Richard de St. Phalle, Asst. U. S. Atty., San Francisco, Cal., for defendant.

## OPINION

PATEL, District Judge.

■ This case is before this court for review of the Secretary's denial of disability benefits under 42 U.S.C. §§ 423 and 1381a. The standard for review is whether the decision is supported by "substantial evidence," or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Harris*, 625 F.2d 311, 312 (9th Cir. 1980). Plaintiff applied for benefits November 21, 1978. His application was denied, after a hearing by an administrative law judge, on October 29, 1979. Plaintiff's request for review by the Appeals Council was denied May 6, 1980.

Plaintiff is a 52-year-old Mexican male, who completed the ninth grade in Mexico but cannot communicate in English. In Mexico he was a machine operator. He came to the United States in 1962, where he worked in construction doing heavy labor until 1973. In February of 1973, plaintiff injured his back from lifting heavy objects. His ailment was diagnosed as a severe lumbosacral sprain, and he was hospitalized for 12 days. Plaintiff has worked intermittently since then, but he continued to complain of pain in his lower back and recurrent headaches. He has also been receiving psychiatric treatments for depression since January 30, 1980.

Several medical reports were submitted at the hearing. No vocational testimony was taken. The administrative law judge determined that plaintiff could not return to his former employment of heavy construction work but retained residual capacity for "at least" light work. Using the grid system set out in Appendix 2 to Subpart P, Chapter 3 of Title 20 of the Code of Federal Regulations 1981 (hereinafter the grid system), the administrative law judge further determined that plaintiff was not disabled.

The Appeals Council corrected the administrative law judge's finding of age at time of onset to age at the time of the hearing. The finding of "at least" light work was found to mean capable of medium work. Again using the grid system, these changes were determined not to affect the decision of not disabled.

Several questions were raised on appeal. First, is the finding of capable of medium work supported by substantial evidence? Second, does use of the grid system meet the substantial evidence test? Third, is a remand required to consider the additional evidence of plaintiff's psychiatric problems?

## MEDICAL EVIDENCE

The finding that plaintiff was capable of medium work is critical because under 20 C.F.R. § 404.1562, if plaintiff were capable of only light work he would be considered disabled. (*See* the decision of the Appeals Council). Light work involves lifting a maximum of 20 pounds, and significant walking, standing, or sitting for long periods of time. 20 C.F.R. § 404.1567(b). Medium work involves lifting a maximum of 50 pounds, with frequent lifting of up to 25 pounds. 20 C.F.R. § 404.1567(c).

The medical evidence on plaintiff's residual capacity is conflicting. The evaluation performed in connection with plaintiff's initial denial of benefits concludes that plaintiff is capable of light work. The doctor's signature is illegible. Plaintiff's treating physician, Dr. Indeck, did not submit an evaluation of his residual capacity. His records indicate a diagnosis of recurrent lumbar strain and arthritis. Notations of pain are made with each entry. Dr. Simko, who saw plaintiff on a disability evaluation, reported that plaintiff could not bend or lift over 24 pounds. Unfortunately, his conclusions are not supported by any discussion or

objective test data. Plaintiff was also seen by Dr. Goldstein, a neurologist. In his report, Dr. Goldstein stated that plaintiff did not have any neurological problems, but that there may be an orthopedic reason for the pain. Dr. Goldstein also completed a "Functional Capacities Evaluation" form. His responses on this form are the equivalent of a finding of capable of heavy work. He also indicated that plaintiff could bend and squat frequently. These notations are contradicted, however, by his report which states that plaintiff had difficulty bending forward or doing deep knee bends.

The final medical report in the record was submitted by Dr. Roberts, an orthopedist who saw the plaintiff once at the request of the administration. Dr. Roberts makes repeated references to the plaintiff being "simply out of shape" and lacking motivation. The report, directed to the Department of Social Services, is hostile and conclusory, as revealed most explicitly by the concluding sentence, "I trust this note is in keeping with your thoughts." Although Dr. Roberts noted plaintiff's complaints of pain, he concluded that plaintiff's problems stem from overweight and lack of physical fitness. These assertions are not supported by a report of either plaintiff's weight or his ideal weight.[1] Dr. Roberts stated that plaintiff could not then lift more than 35 pounds, but could "resume full work activities without restrictions" in three or four months.

■ The administrative law judge relied on Dr. Roberts' report in reaching her conclusions that plaintiff's difficulties are attributable primarily "to his excessive obesity, and lack of any physical activities." No other doctor mentioned these as the source of plaintiff's problems. She did not state why she relied on that report as opposed to the others. " [A] hearing officer must provide an explanation of why [she] has disregarded relevant probative evidence or why certain evidence was credited and conflicting evidence rejected." *Tunstall v.*

*Schweiker*, 511 F.Supp. 470, 475 (E.D.Pa. 1981). *See also Lewin v. Schweiker*, 654 F.2d 631 (9th Cir. Aug. 27, 1981); *Hancock v. Secretary of Health, Education and Welfare*, 603 F.2d 739, 740 (8th Cir. 1979). The Appeals Council observed that Dr. Roberts' conclusions "are consistent with" those of Dr. Goldstein. As noted previously, however, Dr. Goldstein's conclusions are not consistent with his observations. They also do not rest on the same diagnosis as Dr. Roberts'. Since this court finds Dr. Roberts' report inherently unreliable, and Dr. Goldstein's report is internally inconsistent, the decisions of the administrative law judge and the Appeals Council as to plaintiff's residual capacity are not supported by substantial evidence viewing the record as a whole.

## THE GRID SYSTEM

■ The second question to be addressed is whether use of the grid system fulfills the substantial evidence requirement. The initial burden of proving an inability to engage in former employment rests with the claimant. If that is shown, however, the burden of going forward shifts to the Secretary, who must show that the claimant is capable of other substantial gainful activity existing in the national economy. If the administration meets their burden, the claimant has the overall burden of proving he is incapable of performing the jobs suggested by the Secretary. *Hall v. Secretary of Health, Education and Welfare*, 602 F.2d 1372, 1375 (9th Cir. 1979); *Holguin v. Harris*, 480 F.Supp. 1171, 1175 (N.D.Cal.1979).

In this case, the plaintiff successfully demonstrated an inability to return to his former employment. Decision of the administrative law judge. The burden then shifted to the Secretary. After determining plaintiff's age, education, and skills, the hearing officer (and later the Appeals Council) used the grid system to determine a finding of not disabled.

---

1. At the hearing, plaintiff testified that he was five feet, nine inches tall, and weighed 185 pounds.

Prior to the existence of the grid system, the law in the Ninth Circuit required the Secretary to "show that the claimant has the mental and physical capacity to perform *specified jobs*, taking into consideration the requirements of the job as well as the claimant's age, education and background." *Johnson v. Harris*, 625 F.2d at 312 (emphasis added). The preferred method of demonstrating the ability to perform specified jobs was through vocational testimony, but this was not required. *Hall v. Secretary of Health, Education and Welfare*, 602 F.2d at 1377.

The grid system was established by regulation, effective February 26, 1979. 43 Fed. Reg. 55349 (1978). In developing the grid system, the Secretary took administrative notice of unskilled jobs that exist in the national economy, supported by various publications and studies. 20 C.F.R. Appendix 2 to Subpart P § 200.00(b). This notice was then combined with categories of vocational factors (age, education, and work experience) and residual functional capacity (sedentary, light, medium, heavy, or very heavy) into a table directing findings of disabled or not disabled. If the claimant does not fit the categories, or non-exertional limitations are involved, the regulations direct that the grid is not to be used. 20 C.F.R. Appendix 2 to Subpart P § 200.00. The Secretary maintains that use of the grid system eliminates the need for vocational testimony. *See Stallings v. Harris*, 493 F.Supp. 956, 959 (W.D.Tenn.1980).

It should be noted that there is no provision stating how often the grid system will be updated to reflect changes in the availability of those jobs administratively noticed. Nor is the grid regionalized to indicate which regions those jobs are available in. Instead, the regulations declare them to be available "throughout the national economy." 20 C.F.R. Appendix 2 to Subpart P § 200.00(b).

The requirement under *Hall* that the Secretary demonstrate a claimant's ability to perform specified jobs served several important objectives. First, it assured that each claimant's particular situation was taken into account. *See Benitez v. Califano*, 573 F.2d 653, 656 (9th Cir. 1978). Second, it assisted in ensuring an adequate record for judicial review. *Decker v. Harris*, 647 F.2d 291, 298 (2nd Cir. 1981).[2] Finally, "it assure[d] the claimant of adequate notice of the grounds on which his claim may be denied, providing him with an opportunity to present rebuttal evidence." *Id.*

The grid system does not offer a claimant an adequate opportunity to present effective rebuttal evidence. Although the Secretary argues that the claimant can rebut such factors as age and education, it would be almost impossible for a claimant "to challenge the suitability or availability of the jobs noticed," *Decker v. Harris*, 647 F.2d at 298, since the regulations do not indicate what those jobs are. Similarly, the grid system does not adequately assure a claimant that his particular situation will be taken into account. Although a claimant may seem to fall within one of the grid categories, unless the skills and abilities necessary for specific jobs are set forth, some individual factor that negates the capacity to perform those jobs may not appear relevant. The grid system is analogous to the administrative notice which the Ninth Circuit objected to in *Hall*. There the court found that "[a] general statement that a claimant may engage in 'sedentary' work, without testimony by a vocational expert who can identify specific jobs, absent other reliable evidence of the claimant's ability to engage in other occupations, does not satisfy the substantial evidence test." *Hall v. Secretary of Health, Education and Welfare*, 602 F.2d at 1377. This court finds, therefore, that the use of the grid system, without more, to show that a claimant is capable of substantial gainful activity existing in the national economy does not satisfy the substantial evidence

**2.** Because the use of the grid system does not meet the substantial evidence test, infra, it also does not provide an adequate record for review.

test.[3] Because the administrative law judge relied on the grid system in reaching her decision in this case, the case must be remanded for further proceedings.

## ADDITIONAL EVIDENCE

The last question to be addressed is whether a remand is required to consider additional evidence of psychological impairment. Remand for the taking of new evidence may be ordered if the evidence is "material" and if "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

In this case, the plaintiff seeks to introduce a letter by Dr. Gordon testifying to a diagnosis of severe depression. Plaintiff's Motion for Summary Judgment or Remand, Exhibit A. It is unnecessary to consider whether this evidence meets the standard set out above, however. "Where, as here, the Secretary's decision is not supported by substantial evidence and the matter is being remanded on that basis, a full and fair rehearing requires that [the additional evidence] be incorporated into the record and considered by the ALJ on remand." *Tunstall v. Schweiker*, 511 F.Supp. at 475.

## CONCLUSION

This court finds that the Appeals Council's characterization of plaintiff's residual capacity as capable of medium work is unsupported by substantial evidence. This court also finds that the grid system, set out in Appendix 2 to Subpart P, Chapter 3 of Title 20 of the Code of Federal Regulations 1981, relied on by the administrative law judge and the Appeals Council, does not by itself constitute substantial evidence that a claimant is capable of other substantial gainful activity existing in the national economy. This case is therefore remanded for further proceedings not inconsistent with this opinion. Those proceedings should incorporate the additional evidence proffered by plaintiff on appeal. Plaintiff's motion for remand is therefore granted,

plaintiff's motion for summary judgment is denied, as is defendant's cross-motion for summary judgment.

---

**3.** Other courts have upheld the validity of the grid system. *See, e.g., Simonsen v. Secretary of Health and Human Services*, 512 F.Supp. 1064 (S.D.Cal.1981); *Stallings v. Harris*, 493 F.Supp. 956 (W.D.Tenn.1980).