James HESS, Jr., Appellant,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, United States of America.

No. 73–1937.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) April 2, 1974.

Decided June 5, 1974.

838

W. J. Krencewicz, Shenandoah, Pa., for appellant.

Robert E. J. Curran, U. S. Atty., Richard J. Stout, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before VAN DUSEN, WEIS and GARTH, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

 To arrive at a consensus on the priority to be afforded the matters entrusted to the jurisdiction of the federal courts might be difficult indeed, but few would dispute the premise that claims of those entitled to disability benefits from the Social Security Administration must rank high on the scale of human concern. On appeal, a court is bound by findings of fact of the Secretary, supported by substantial evidence, but "substantial" means just that and is not the equivalent of a "scintilla." The statute further grants the right to the district court, for good cause shown, to remand to the Secretary for the taking of additional evidence. We are aware, also, of the 1968 amendments (P.L. 90–248) to 42 U.S.C. § 423(d) expressing the intent of Congress to establish firm standards for recovery of benefits. With these not inconsistent considerations in mind, we approach our review of this case.

The plaintiff last worked on July 19, 1971. He has been under medical treatment and has had hospital care since that time for his condition which was diagnosed as bronchial asthma with obstructive ventilatory impairment. After his application for disability benefits under the Social Security Act, 42 U.S.C. § 416(i), was rejected, he was granted a hearing before an administrative law judge on October 10, 1972 where he was again denied. His appeal to the district court was unsuccessful, and he now seeks review in this court. After a careful review of the record, we conclude that there is a significant lack of important factual data which requires a remand to the Social Security Administration.

In preparing his hearing decision, the administrative law judge reported, " . . . In evaluating this case, the undersigned is strongly cognizant of the puzzling nature of Mr. Hess's condition, the cause of which has so far evaded those managing his medical care." He found that the diagnosis was chronic bronchitis with a history of recurrent infectious bronchitis productive of a moderately severe obstructive ventilatory impairment. Because of this condition, the administrative law judge felt that the plaintiff was not capable of doing light work but could perform sedentary work[1] and, hence, was not disa-

---

1. Sedentary work was defined by a vocational expert who testified at the hearing as "a term implying work in which maximum lifting required is 10 pounds with occasional lifting of small dockets and carrying about parts or small dockets, tools. Sedentary work is predominantly done in a seated position with only incidental or occasional walking and standing."

bled within the meaning of the Social Security Act, 42 U.S.C. § 423(d).[2]

This conclusion was reached despite Hess's testimony that he was unable to and, in fact, had not worked for more than 17 months and the absence of any medical opinion on plaintiff's ability to perform even sedentary work.

At the hearing it was established that Hess was 43 years of age, had completed the eighth grade, had worked at various unskilled jobs, and from 1963 to 1971 had been employed as a stock selector for North American Rockwell Company. Although he had originally done some work as a tinsmith with that company for a short period of time, Hess spent the last eight years of employment with North American Rockwell moving parts weighing as much as 50 to 70 pounds in and out of the stock room.

On his final day of work, the plaintiff experienced sharp chest pains, and two days later his family physician, Dr. Schlitzer, had Hess admitted to the Good Samaritan Hospital in Pottsville, Pennsylvania where he remained for twelve days. After discharge from the hospital, the condition did not improve sufficiently to allow the plaintiff to return to work, and Dr. Schlitzer referred Hess to Dr. Ricchiuti, an allergist.

The plaintiff was admitted to the Pottsville Hospital in November, 1971 for testing because of the continuing complaints of shortness of breath, wheezing, and coughing. On March 9, 1972 he was referred to the Geisinger Medical Center in Danville, Pennsylvania on an outpatient basis for evaluation of the same condition.[3]

Hess testified that at the suggestion of the Geisinger Center he went walking every day that the weather was nice and that he would go on the average of about a half mile "and then I just can't go any farther . . . When I get home, I have to lay down."

To clear mucous and phlegm from his lungs, he performs a routine each morning consisting of lying over the bed on his stomach, then on each side for a period of ten minutes each. He testified that he was unable to perform any of the routine chores about his home and was unable to sleep at night until 2:00 or 3:00 A.M.

In response to a hypothetical question assuming the truth of the plaintiff's complaints, a vocational expert testified, "These factors would appear to limit him considerably in terms of full time substantial gainful employment." When asked by the administrative law judge to assume that from the medical evidence in the case there was no physical impediment to sedentary work activity, the vocational expert said there would be employment for a man of his age, background and education in the region.

During the hearing, Hess also testified that he was to report back to the Geisinger Medical Center on October 19, 1972, that he currently received two injections every week from Dr. Ricchiuti, and that he took one medication four times and another three times daily. Plaintiff reported also that Dr. Schlitzer, the family physician, saw him twice a month and had not released him for work.

Before closing the record, the administrative law judge said, "I may very seriously consider asking the Geisinger people if they can come up with a report for your latest visit there. Now it all depends on how I feel about the state of your record when it comes time for me to write the decision and review all the records in the case." Since no reference

---

2. "(d)(1) The term 'disability' means—(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; . . . ."

3. The records of that institution reveal that a pulmonary function study on March 17, 1972 was interpreted as showing "moderately severe obstructive ventilatory impairment."

appears in the record to any further report from the Geisinger Clinic, we assume that it was never secured.

■ The plaintiff was not represented by counsel at the hearing,[4] and he produced neither physicians nor medical reports on his behalf. The only medical evidence in his file was secured by the Social Security Administration and consisted of summaries of the hospital records at Pottsville Hospital and the Geisinger Medical Center. No reports were secured from the family physician, Dr. Schlitzer, and the only information attributable to Dr. Ricchiuti was that contained in the Pottsville Hospital records of the admission of November, 1971, almost a year before the hearing date. None of the records contains any reference to or opinion on the claimant's ability to engage in any type of employment.

There are two forms in the file, each of which bears the signature of a person having the title of "Reviewing Physician" who in June and July of 1972 concluded that the pulmonary function study indicated that Hess "retains the functional capacity to perform his former job . . . ." This finding apparently was made without consultation with either of the attending physicians and without interview or examination of the plaintiff.

Although Hess was given an opportunity to examine the exhibits, including this form, nothing in the record indicates that he understood it. It may well be that, had the matter been explained to him or discussed with him, some helpful comment would have been elicited.

■■ Although the burden is upon the claimant to prove his disability, due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails. As the court remarked in Easley v. Finch, 431 F.2d 1351, 1353 (4th Cir. 1970):

"A hearing on an application for benefits is not an adversary proceeding. The applicant is confronted with no adversary in the usual sense of that term. The Social Security Administration provides an applicant with assistance to prove his claim."

We do not say that an administrative law judge must search out all the relevant evidence which might be available, since that would in effect shift the burden of proof to the government. But, these proceedings are extremely important to the claimants, who are in real need in most instances and who claim not charity but that which is rightfully due as provided for in Chapter 7, Subchapter II, of the Social Security Act.

20 C.F.R. § 404.927 (1973), in addressing the duties of the hearing officer, says in part:

" . . . The Administrative Law Judge shall inquire fully into the matters at issue and shall receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters. If the Administrative Law Judge believes that there is relevant and material evidence available which has not been presented at the hearing, the Administrative Law Judge may adjourn the hearing or, at any time prior to the mailing of notice of the decision, reopen the hearing for the receipt of such evidence . . . ."

20 C.F.R. § 404.926 (1973) says in part:

"When reasonably necessary for the full presentation of a case, an Administrative Law Judge . . . may, either upon his own motion or upon the request of a party, issue subpoenas for the attendance and testimony of witnesses and for the production of books, records, correspondence, papers, or other documents which are relevant

---

4. The fact that plaintiff was not represented at the hearing is not, in and of itself, ground for remand. Domozik v. Cohen, 413 F.2d 5 (3d Cir. 1969).

and material to any matter in issue at the hearing . . ."

Our reading of the record confirms the administrative law judge's conclusion that the claimant's condition is puzzling, and we think that current medical evidence would have been extremely helpful in removing some of the doubts which the hearing officer and this court entertain. Furthermore, we note that although no definite commitment was made, the claimant may well have inferred that the latest records of the Geisinger Medical Center would be obtained before a decision would be handed down.

■ We do not say that the responsibility will always be upon the hearing officer to secure current medical evaluations, but some lesser effort might be employed, such as advising the claimant of the importance of this information and suggesting that it be submitted at a later date. See the technique followed in Steimer v. Gardner, 395 F.2d 197 (9th Cir. 1968). It may also be that in this case after remand the Social Security Administration might avail itself of its right to have an examination by a physician of its own selection.[5]

■ Since readily obtainable information was not secured so as to resolve doubts about this unrepresented claimant's right to disability benefits, we believe that he did not receive the full hearing to which he was entitled. Accordingly, the case will be remanded to the district court with directions for remand to the Social Security Administration for further proceedings consistent with this opinion.

5. We note that the claimant has now been granted a disability compensation award by the Veterans Administration. During the hearing before the administrative law judge, the plaintiff stated that he had applied to the Veterans Administration but had not yet heard from them. In the affidavit filed to permit proceeding in forma pauperis in this court, Hess states that he is currently receiving a nonservice connected disability pension from the Veterans Administration. We assume, therefore, that the Veterans Administration decided favorably upon his application after the hearing before the Social Security Administration had been concluded. Of course, the fact that the Veterans Administration made a disability award is not binding upon the Social Security Administration, and we mention it only to indicate our concern that the physical condition of the plaintiff may not have been fully delineated in the administrative proceeding below.