**Frank A. SEVER**

v.

**David MATHEWS.**

**Civ. A. No. 76–1207.**

United States District Court,
E. D. Pennsylvania.

May 26, 1977.

Lester A. Krasno, Krasno & Krasno, Pottsville, Pa., for plaintiff.

Michael B. L. Hepps, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

This case is before the Court on cross-motions for summary judgment following plaintiff's appeal from a final decision of the Secretary of Health, Education and Welfare (hereinafter referred to as "Secretary") denying plaintiff "black lung" disease benefits under Part B, Subchapter IV of the Federal Coal Mine Health and Safety Act of 1969 (hereinafter referred to as "Act") as amended in 1972, 30 U.S.C. § 901 *et seq.*

We are limited in our review to the determination of whether the Secretary's deci-

sion is supported by substantial evidence. Judicial review of decisions of the Secretary in Federal Coal Mine Health and Safety Act cases is governed by the statutory standard provided for in § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), which provides, *inter alia*, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ." [1] (citations omitted) *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Plaintiff filed a claim for benefits under the Act on January 29, 1970. The application was administratively denied, and plaintiff requested a hearing before the Bureau of Hearings and Appeals. The hearing was held on January 21, 1975. On May 7, 1975, the Administrative Law Judge (hereinafter referred to as "Judge") denied the benefits to claimant. This decision was affirmed by the Bureau of Hearings and Appeals, and plaintiff filed this civil action seeking reconsideration of the Judge's decision.

Resolution of conflicts in the evidence is for the Secretary. We are mindful that the Secretary's findings of fact are conclusive if supported by substantial evidence. *Richardson v. Perales, supra.* After a careful review of the entire record and legal memoranda filed by counsel we are convinced that there is substantial evidence to support the findings of the Secretary and that the law has been properly applied to the facts. Accordingly, we must deny plaintiff's motion for summary judgment and grant defendant's motion for summary judgment because there is no genuine issue as to any material fact, and defendant is entitled to judgment as a matter of law.

The Administrative Law Judge (Judge) made, *inter alia*, the following findings.[2]

3. That the claimant does not suffer from simple or complicated pneumoconiosis.

4. That the claimant does not suffer from a chronic pulmonary or respiratory impairment presumed to be pneumoconiosis.

1. This standard is incorporated in the Federal Coal Mine Health and Safety Act in § 413(b), 30 U.S.C. § 923(b).

2. *Id.* at 18.

5. That the claimant is not totally disabled due to pneumoconiosis that arose out of coal mining employment.

On the basis of these findings, the Judge decided that Mr. Sever is not entitled to benefits under the Act.

■ In attacking the aforesaid findings, plaintiff contends that there is not substantial evidence of record to support them. A review of the record discloses that even when considered in the light most favorable to plaintiff, evidence concerning the establishment of disability by way of x-ray evidence is conflicting. Of course, the resolution of the conflict is for the Secretary. The evidence favorable to plaintiff is a reading of a September 28, 1970 x-ray by William Dzurek, M.D. as disclosing "first degree anthracosilicosis, with segmental emphysema".[3] We note also that plaintiff relies upon an x-ray interpretation by Joseph C. Furnary, M.D. of an x-ray taken June 9, 1972 which is described as not completely negative.[4] However, the great preponderance of the evidence concerning x-rays supports the Administrative Law Judge's decision that plaintiff did not establish his entitlement to benefits under the Act. This contrary evidence is that a March 23, 1972 x-ray was interpreted as completely negative for pneumoconiosis by Bob W. Gayler, M.D. a "B" reader of x-rays.[5] The x-ray of June 9, 1972 read by "B" reader Joseph C. Furnary, M.D. as "not completely negative" cannot be interpreted as evidencing pneumoconiosis in claimant. We note also that Mordecai Halpern, M.D., a "B" reader, reread the June 9, 1972 film as completely negative for pneumoconiosis.[6] All of the x-rays referred to above, that is the September 28, 1970, March 23, 1972 and June 9, 1972 x-rays, were reread in series on June 24, 1974 by Leonard J. Bristol, M.D., a "B" reader, who determined that the films showed no sign of pneumoconiosis.[7] It is clear that the Secretary's determination that plaintiff had not established his entitlement by x-ray evidence is clearly supported by substantial evidence.

It is also clear that there is substantial evidence to support the Administrative Law Judge's determination that plaintiff did not establish entitlement by way of pulmonary function studies. A study performed on October 15, 1970 at the Pottsville Hospital produced a one-second forced expiratory volume ($FEV_1$) 2.98L and maximum voluntary ventilation (MVV) of 77 L/min.[8] At the time of the studies plaintiff's height was listed as 69½ inches, but at the hearing he testified that in fact he was 6' 6" or 78". The MVV value is less than that shown by the appropriate table whether plaintiff's height is taken as 69½ inches or as 78 inches.[9] However, regulations require that both the $FEV_1$ and the MVV be equal to or less than the value shown in the table. The $FEV_1$ of 2.98L clearly exceeds the 2.7L permitted for a person more than 72 inches in height.[10] Thus plaintiff failed to demonstrate through pulmonary function tests and ventilatory function studies the presence of a chronic respiratory or pulmonary disease which could be presumed to be pneumoconiosis.

Other evidence which supports the finding of the Administrative Law Judge is that arterial blood gas studies performed on December 18, 1970 by Leo J. Corazza, M.D. were within normal limits.[11] There is substantial evidence to support the Secretary's findings that the plaintiff has not established entitlement under 20 C.F.R. 410.-490(b)(1)(i) by establishing pneumoconiosis by x-ray. Plaintiff has also failed to establish by ventilatory studies the presence of a chronic respiratory or pulmonary disease entitling him to a presumption of disability

3. *Id.* at 117.

4. *Id.* at 125.

5. *Id.* at 127.

6. *Id.* at 129.

7. *Id.* at 126, 128, 130.

8. *Id.* at 119, 120.

9. 20 C.F.R. § 410.490(b)(1)(i).

10. *Id.*

11. Administrative Record at 123.

due to pneumoconiosis under the interim rule 20 C.F.R. 410.490(b)(1)(ii). Plaintiff has not demonstrated the existence of complicated pneumoconiosis under 20 C.F.R. 410.418 because he has not demonstrated the existence of this disease by the required x-ray or biopsy reports. Plaintiff relies most heavily on the establishment of entitlement under 20 C.F.R. 410.424, arguing that all the facts of the case, giving primary consideration to the medical evidence, establishes that he is totally disabled due to pneumoconiosis arising out of employment in the nation's coal mines. The other facts in this case are the plaintiff's testimony to a persistent hacking cough, a persistent irritated throat and a regular spit up of bloody phlegm together with short windedness and pain in his lungs which render him incapable of walking up hills. Plaintiff also testified that he frequently finds it necessary to sleep sitting up in the chair when he can sleep at all. He testified that his personal physician, Dr. Charles Delp, has treated him for the condition since 1964.[12] It is clear that the Administrative Law Judge considered this testimony together with the fact that claimant had been found entitled to Pennsylvania Workmen's Compensation under the provisions of the Pennsylvania Occupational Disease Act as of March 23, 1972. The Judge also considered the fact that plaintiff's entitlement thereto was based to a great extent on the testimony of Dr. Delp that plaintiff was totally and permanently disabled by pneumoconiosis.

However, these facts are to be considered by the Administrative Law Judge along with all of the facts in the case including the medical evidence. When so considered, the Judge's determination that claimant has not carried his burden of proving entitlement under the Act is supported by substantial evidence.

Plaintiff also contends that the Administrative Record was not fully developed by the Administrative Law Judge. In support of this contention, plaintiff points to the fact that the record is devoid of any

medical history obtained from Dr. Charles Delp, the plaintiff's personal physician since 1964. It is argued that plaintiff was unrepresented at the hearing and that the Administrative Law Judge failed to follow the Secretary's own regulation found in 20 C.F.R. 404.927 which reads as follows:

The hearing examiner shall inquire fully into the matters at issue and shall receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters. . . .
[T]he procedure at the hearing generally . . . shall be in the discretion of the hearing examiner and of such nature as to afford the parties a reasonable opportunity for a fair hearing.

There is no issue that a full and fair hearing of the facts is required. Cf. *Richardson v. Perales, supra; Hess v. Secretary of HEW*, 497 F.2d 837 (3d Cir. 1974). A reading of the record does not disclose that the Administrative Law Judge was remiss in developing fully the facts surrounding plaintiff's claim. Indeed, there was no reason for the Administrative Law Judge to believe that plaintiff wished to be represented by counsel or to present any other medical evidence. The Administrative Record reveals that the Administrative Law Judge inquired into plaintiff's willingness to proceed unrepresented and the following was recorded of record:[13]

CLAIMANT: Yes. I asked for—but they told me to come alone.
ADM. LAW JUDGE: Sir keep your voice raised because it has to be recorded.
CLAIMANT: I asked the lawyer and the doctor but they said I didn't need anybody to come along.
ADM. LAW JUDGE: Do you want to proceed without an attorney. Is that right?
CLAIMANT: That's right.
ADM. LAW JUDGE: Well sir keep your voice raised because its important not only I hear you—
CLAIMANT: Yes. Yes,—I was told by the doctor—lawyer—that they—they

**12.** *Id.* at 53–56, 63–66.

**13.** *Id.* at 30.

didn't have to come along to this. They wasn't needed.

ADM. LAW JUDGE: Well, this decision is for you. You want the case to go on today without an attorney?

CLAIMANT: Yes.

In view of the fact that the plaintiff testified that his doctor told him that he wasn't needed at the hearing, there is no basis of record to suggest that the Administrative Law Judge believed or should have believed that Dr. Delp could give any additional information helpful to the plaintiff.

In addition, it is clear that the Administrative Law Judge took into consideration the factors which resulted in claimant receiving entitlement under the Pennsylvania statute. Among these factors was Dr. Delp's opinion that claimant was permanently and totally disabled by reason of anthracosilicosis. There is no indication, however, that there is any additional evidence which Dr. Delp would have been able to produce of record. Claimant does not contend that there are any objective medical studies made by Dr. Delp which could have been introduced and perhaps have changed the result.

For the reasons set forth above, the following Order denying plaintiff's motion for summary judgment and granting the motion for summary judgment filed by the defendant will be entered.