**Robert ROSS**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services.**

Civ. A. No. 82–0780.

United States District Court,
E.D. Pennsylvania.

June 27, 1983.

Angus R. Love, Montgomery County Legal Aid, Norristown, Pa., for plaintiff.

Peter F. Vaira, U.S. Atty., Serena H. Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This action is brought under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review the Secretary's final decision denying plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act. Upon their own motion the Appeals Council reviewed the Administrative Law Judge's (ALJ) October 21, 1981 decision in favor of the plaintiff and reversed, finding that the plaintiff was not disabled. This January 20, 1982 Appeals Council decision is the final decision of the Secretary that is before the Court on cross-motions of the parties for summary judgment.[1]

The record shows that plaintiff, Robert Ross, was born on October 4, 1927. He has a college degree in marketing and worked as a Director of Marketing and as an advertising executive for several concerns between 1957 and 1978. He has been unemployed since August 1978. Mr. Ross' physical problems began in 1974 when he underwent surgery for cancer of the hip. He has since undergone eight additional operations for melanoma of the hip, kidney stones, and malignant melanoma of the chest wall. His last surgery was in 1978.

Mr. Ross has suffered from depression since 1974 when his wife divorced him and he lost his job. Since losing his job in 1974 Mr. Ross has worked only for a period of 5 months in 1978. He has been seeing a social worker regularly since 1979 and has been examined by several psychiatrists regarding emotional and social problems. Mr. Ross is taking medication for depression, water retention, insomnia and hives. On October 15, 1979 Mr. Ross applied for disability due to cancer of the chest, cirrhosis of the liver, kidney problems and his mental condition. Since then he has also com-

plained of hip pain, dizziness, nausea and abdominal pain.

The issue presented by this review is whether the Secretary's finding that Mr. Ross failed to establish a physical or mental impairment which prevents him from engaging in any substantial gainful activity is supported by substantial evidence. The Court has determined that this record contains substantial evidence supporting the Secretary's final decision, and will therefore grant defendant's motion for summary judgment and will deny plaintiff's cross-motion for summary judgment.

The Social Security Act limits judicial review of disability claims to the Secretary's final decision. 42 U.S.C. §§ 405(g) and 1383(c)(3). If the finding of the Secretary is supported by substantial evidence it is conclusive and must be affirmed by the court. 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence which a reasonable mind would accept as sufficient to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir.1979); *Blalock v. Richardson,* 483 F.2d 773, 776 (4th Cir.1972).

Under the Act, the plaintiff has the burden of establishing a disability as defined by the Act. *Hess v. Secretary of Health, Education and Welfare,* 497 F.2d 837, 840 (3d Cir.1974). In order to carry this burden, the plaintiff must meet a twofold test. First, he must have a medically determinable physical or mental impairment. The statute defines a medically determinable impairment as one that results from an anatomical, physiological, or psychological abnormality which is demonstrated by medically accepted clinical or laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(C). Second, the impairment must prevent the plaintiff from engaging in any substantial gainful activi-

---

1. On motion of the Secretary, this Court remanded the case to the Social Security Administration in order to locate or reconstruct the claims file. The Secretary having located the file, the Appeals Council reviewed their earlier decision and claimant was given another op-

portunity to submit documents to support his disability claims. No further submissions were made to the Appeals Council. On October 23, 1982, the Appeals Council affirmed their prior decision.

ty. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Hargenrader v. Califano,* 575 F.2d 434, 436 (3d Cir.1978); *Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir.1972). There are four elements of proof to be weighed in determining whether there is substantial evidence to support the Secretary's decision: (1) medical data and findings; (2) expert medical opinions; (3) subjective complaints; and (4) the plaintiff's age, education, and work history. *Blalock* at 776.

Mr. Ross presented a long series of physical and psychiatric examinations and opinions covering the period from 1978 to 1980. The ALJ then requested and received two additional examinations: a psychiatric examination from Dr. John Bok, and a physical examination from Dr. Albert Fornace. These examinations took place in the summer of 1981. Mr. Ross also has a history of surgery beginning in 1974.

In their lengthy opinion the Appeals Council specifically refers to and analyzes the reports of the last five doctors who examined Mr. Ross physically and five separate opinions regarding Mr. Ross' psychological limitations. We too have carefully analyzed these reports to determine whether they amounted to substantial evidence to support the Secretary's finding. Since both Mr. Ross' physical and psychological abilities are in question, an analysis of each is in order.

■ Initially, Mr. Ross claimed physical impairment due to chest cancer, cirrhosis of the liver, and kidney stones. He has also complained to examining physicians of pain around the areas of his incisions and abdominal pain. To both the physicians and the ALJ, Mr. Ross stated that he experienced pain in his right hip which limits his ability to walk. While subjective complaints of pain, unaccompanied by objective medical data, may support a claim for disability, the claimant still must satisfy his burden of proof. *Bittel v. Richardson,* 441 F.2d 1193 (3d Cir.1971). The record in this case, however, contains many medical findings which the Appeals Council found did not substantiate Mr. Ross' claims of physical disability.

■ There is no medical evidence of continuation of chest cancer in Mr. Ross. A radiology exam taken in October 1978 revealed no unusual problems in the chest cavity. Though Mr. Ross was at one time diagnosed as having cirrhosis of the liver, his personal physician stated that the diagnosis had been changed and Mr. Ross does not have cirrhosis. His kidney stones have been surgically removed and the last three medical reports make no mention of kidney problems. None of the doctors found the complained of incisional pain to be severe or extraordinary.

Dr. Elihu Goren examined Mr. Ross in January of 1980 in regard to his physical disability claim. Dr. Goren reported that Mr. Ross had a reasonably good exercise tolerance and that "it was difficult to find exactly what the physical limitations [were for Mr. Ross]." Dr. Donald Sesso also examined Mr. Ross in 1980 and "did not find any major, overt, objective physical defects". He found that Mr. Ross was normal on a straight leg raising test and could squat satisfactorily. At the request of the ALJ, Dr. Fornace examined Mr. Ross in 1981. He determined that the pain Mr. Ross experienced in his right hip resulted in a 10% loss of motion in the hip. He found no other significant physical disabilities. These reports and the series of tests accompanying them constitute substantial evidence to support the Appeals Council's decision that Mr. Ross is not physically disabled.

Though the physicians' reports fail to document a severe physical impairment, each physician remarked on Mr. Ross' emotional status. Several recommended further psychiatric evaluation and alluded to the fact that Mr. Ross' emotional problems may account for many of his physical maladies.

Mr. Ross has been psychiatrically examined four separate times since September 1979. He has also attended twice weekly psychotherapy sessions with a social worker since December 1979. The reports by these trained professionals have been evaluated

by both the Appeals Council and this Court. These reports contain substantial evidence supporting the finding of the Appeals Council that Mr. Ross was not severely psychologically impaired.

Harold J. Byron, M.D. evaluated Mr. Ross in September 1979. He found Mr. Ross to be coherent and logical in his thought processes. He diagnosed Mr. Ross as suffering from a depressive neurosis and prescribed psychotherapy, into which Mr. Ross entered that December. Dr. Byron's prognosis for Mr. Ross was good provided the pressures created by his lack of employment and economic problems are relieved.

Charlotte Raffensperger, M.D. examined Mr. Ross two months later. She found his orientation was within normal limits with no evidence of memory loss, or of overt anxiety or depression. Her impression of depressive neurosis concurs with Dr. Byron's. She too recommends therapy to help Mr. Ross continue to be productive. Dr. Raffensperger made no other significant findings on Mr. Ross' mental status.

Dr. John Bok performed a psychiatric examination on Mr. Ross in May 1980 prior to his examination made at the request of the ALJ. In 1980 Dr. Bok found no serious mental disorder but he felt that Mr. Ross had yet to return to satisfactory mental functioning as a result of his operations and financial problems. He diagnosed Mr. Ross as suffering from an adjustment reaction with disturbance of emotions, specifically periods of depression and anxiety. Mr. Ross' prognosis was "very favorable, once he obtains employment." The diagnosis and prognosis were the same when Dr. Bok examined Mr. Ross in 1981.

The Appeals Council pointed out that "[n]one of the physicians who has psychiatrically examined the claimant have expressed an opinion that he is unable to work." To the contrary, Doctors Byron and Bok opined that obtaining employment would promote Mr. Ross' emotional and mental well-being. The fact that Mr. Ross told both doctors that he was seeking employment every day by answering ads and interviewing, shows Mr. Ross' willingness to work and belief that he is capable of employment.

The foregoing evidence of Mr. Ross' physical and psychological abilities and limitations, combined and taken as a whole, constitutes substantial evidence supporting the finding of the Secretary. As stated in *Cotter v. Harris*, 642 F.2d 700 (3d Cir.1981), "we need from the [Secretary] not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter* requires that the Secretary explain the weight given to all obviously probative exhibits. *Id.* The Appeals Council addressed itself to all the relevant evidence in the record and explained the weight given to that evidence. Mr. Ross' psychotherapist, Elizabeth Brumbaugh, MSW, submitted two letters expressing her opinion that Mr. Ross was not employable and was both psychologically and physically unable to seek or hold a job. In their decision the Appeals Council acknowledged that Mrs. Brumbaugh had had frequent contact with Mr. Ross over a long period of time but gave little weight to her opinion in view of the fact that three psychiatrists and five other examining physicians found that the claimant was not disabled.

It is true the ALJ was in a position to judge not only the credibility of the complainant but also his social and psychological demeanor. However, trained psychiatrists in the course of their examinations have also been in a position to evaluate the complainant's demeanor. The ALJ was exposed to Mr. Ross for only thirty-five minutes in the hearing. It is not unreasonable for the Appeals Council to give greater weight to the medical findings. We find that the ALJ's contrary finding does not significantly detract from the substantial evidence supporting the Secretary's decision.

For the foregoing reasons we hold that the Secretary's decision is supported by sub-

stantial evidence and summary judgment will be granted in favor of the defendant.