Christine HALL

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services.

Civ. A. No. 77–4132.

United States District Court, E.D. Pennsylvania.

June 28, 1983.

---

Lydia Hernandez, Community Legal Services, Inc., Law Center North Central, Philadelphia, Pa., for plaintiff.

Peter F. Vaira, U.S. Atty., Robert S. Forster, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In this action filed pursuant to 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g), claimant Christine Hall seeks review of the final decision of the defendant, Secretary of Health and Human Services (Secretary), denying her claim for Supplemental Security Income (SSI) disability benefits under 42 U.S.C. § 1381a. This matter is before the Court on cross-motions of the parties for summary judgment.

Mrs. Hall's initial application for SSI of March 19, 1976 and request for reconsideration of June 23, 1976 were both denied, and a hearing was held before an Administrative Law Judge (ALJ) on March 26, 1977 at which she waived her right to counsel. The decision rendered by the ALJ on June 28, 1977 became the final decision of the Secretary when it was approved by the Appeals Council on August 10, 1977. For the reasons hereinafter set forth, the Court will affirm the final decision of the Secretary and grant defendant's motion for summary judgment.

Claimant was born June 4, 1940 in South Carolina (T. 27). She is a high school graduate, and has work experience as a salesclerk and office worker (T. 29–30). Claimant alleges that she is disabled due to her involvement in three car accidents which occurred between 1968 and 1970, a gunshot wound to the right hand in 1974, and a thirty-five foot fall during the same year after which she remained in a coma for fifteen hours (T. 32–37). As a result of these accidents, Mrs. Hall alleges that she is unable to work due to injuries to her back, spine, right arm and leg, and head pain. Mrs. Hall testified at the hearing that she experiences pain while standing more than one-half hour, or sitting longer than one hour, becomes fatigued and suffers pain throughout the entire right side of her body if she walks further than three blocks (T. 43–45).

Mrs. Hall's daily routine includes caring for her three teenage children, performing light housework, reading and viewing television (T. 39–40). Claimant occasionally attends social activities and is able to use public transportation when necessary (T. 29).

The medical evidence in the record includes reports from four doctors. Exhibit 10 is a report from Dr. Frederick Solomon covering the period from December 13, 1974 to June 6, 1976. It shows treatment of claimant for a gunshot wound, tiredness, allergies and anxiety. Mrs. Hall's wound was redressed, and chlortrimeton, vitamins, and valium were prescribed. Exhibit 11

dated May 28, 1976 is a report of Dr. Jerry Ginsberg. It states that there was no weakness of grasp in her right hand, no limitation of motion when plaintiff was placed through a series of range of motion exercises, and that her lower back was tender to palpitation. The diagnosis was chronic low back syndrome and a fair prognosis was noted. Exhibit 12 dated August 24, 1976 is a report from Mark S. Kauffman, M.D. After listing plaintiff's complaints of pain in her neck, back, right leg, right shoulder and right side of head, Dr. Kauffman found Mrs. Hall to be in no acute distress, capable of a full range of motion of the cervical and lumbar spine, and of normal stance and gait. The neurological examination and straight leg raising tests were normal and her deep tendon reflexes, motion and sensory examinations were intact. No atrophy or weakness of the arms or legs was found. Despite patient's complaints concerning her hand, examination revealed no loss of any motion, no neurological deficit, atrophy, or sensory loss. Claimant was able to bend forward and touch her toes. No tenderness of the spine was noted. Dr. Kauffman stated that although his examination revealed no physical disability, the claimant was in need of psychiatric care. Exhibit 13 dated October 4, 1976 is a report of the psychiatric evaluation performed by Jack Kleiner, M.D. He diagnosed the plaintiff as having an hysterical personality, concluding that Mrs. Hall tends to dramatize herself and her symptoms. Additionally, the report stated that her emotional life was superficial and immature. Dr. Kleiner doubted but noted the possibility that Mrs. Hall's head pains represented a conversion phenomenon. Dr. Kleiner stated that the prognosis did not appear to be good in view of the long duration of symptoms and Mrs. Hall's immature personality. However, the psychiatrist opined that the claimant is able to manage her financial affairs.

Any findings of fact by the Secretary must be accepted as conclusive by a reviewing court if supported by substantial evidence. 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3). Substantial evidence has been

defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Therefore, the only issue before the Court in this action is whether there was substantial evidence in the record to support the ALJ's finding that the plaintiff was not entitled to receive SSI disability benefits.

The term "disabled individual" is defined in 42 U.S.C. § 1382c(a) as:

(3)(A) An individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . .

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, . . .

(C) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

 A claimant has the burden of establishing disability within the meaning of the Social Security Act. *Hess v. Secretary of Health, Education, and Welfare,* 497 F.2d 837 (3d Cir.1974). The claimant must carry the initial burden of demonstrating by medical evidence that she is unable to return to her former occupation. *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). "Once she has made such a demonstration, the burden then shifts to the Secretary to show that the claimant, given her age, education and work experience, has the capacity to perform specific jobs that exist in the national economy." *Rossi v. Califano,* 602 F.2d 55, 57 (3d Cir.1979). The two-pronged test for disability under the Social Security Act requires: (1) determination of the nature and extent of physical or mental impairments, and (2) determination of whether that disability, as evidenced by a physical or mental impairment, results in an inability to engage in substantial gainful employment. 602 F.2d at 57.

The ALJ summarized the evidence in a four-page decision and made the following findings:

1. The claimant is a 37 year old female.

2. The claimant completed the 12th grade.

3. The claimant's significant vocational background consists of employment as a sales person for five years. She also was employed in an office in a clerical capacity for three years.

4. Claimant has various orthopedic complaints involving her back, spine, right arm and leg. However, she has adequate range of motion of all extremities. Although she does have an emotional problem, she is not psychotic and is oriented as to time, place, and person. Therefore, the Administrative Law Judge finds that the claimant is able to do the type of work she previously performed as a sales person and office worker. Those jobs are commensurate with her age, education, and vocational background.

5. The claimant is not under a "disability" as defined in Section 1614(a)(3)(A) of the Social Security Act, as amended, as of the date of her application filed March 19, 1976, or at any time thru the date of this decision.

Claimant contends that the decision of the Secretary is not supported by substantial evidence in that he failed to adequately consider or explain his rejection of psychiatric medical evidence of a specific condition,

and that a contradiction in the medical evidence exists.

Our Third Circuit has stressed the Court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Dobrowolsky,* 606 F.2d at 407; *Gober v. Matthews,* 574 F.2d 772, 776 (3d Cir.1978). In *Baerga v. Richardson,* 500 F.2d 309 (3d Cir.1974), *cert. denied,* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975), the following standard of review was suggested and later adopted in *Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir.1981) as a guide in fulfilling the statutory obligation imposed on the court to review the ALJ's decision of disability claims.

In our view an examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. This is necessary so that the court may properly exercise its responsibility under 42 U.S.C. § 405(g) to determine if the Secretary's decision is supported by substantial evidence.

The ALJ must make "explicit statements as to 'what portions of the evidence he accepted or rejected' " *Dobrowolsky,* 602 F.2d at 409, quoting *Baerga,* 500 F.2d at 312.

The claimant was diagnosed by Dr. Kleiner as having an "hysterical personality." This condition has been defined as

... a condition in which a person, typically immature, dependent, self-centered, and often vain, exhibits unstable, overreactive and excitable behavior intended to gain attention even though he may not be aware of this intent; this condition does not include the extreme forms of hysteria.

*Stedman's Medical Dictionary,* 1061 (5th ed. 1982).

■ Although the ALJ did not specifically discuss whether Dr. Kleiner's diagnosis of the claimant's "hysterical personality" would render her disabled within the meaning of the Social Security Act, he did specifically find that the claimant was oriented as to time, place, and person and did not exhibit any psychotic ideation. Furthermore, the ALJ found that although the psychiatrist stated that the claimant's prognosis was not good, there was nothing in the record to indicate that the claimant's mental status would interfere with the performance of routine tasks on a repetitive basis.

Mrs. Hall failed to meet the burden of showing that her mental condition precludes her from engaging in substantial gainful activity. Mental impairments alone cannot be considered disabling without a showing of severe functional loss, that is, an inability to engage in substantial gainful activity. *Stancavage v. Celebrezze,* 323 F.2d 373 (3d Cir.1963), *Forte v. Matthews,* 427 F.Supp. 187 (E.D.Pa.1977).

■ Plaintiff contends that a contradiction in the medical evidence exists between Dr. Ginsberg's finding of tenderness upon palpation of the lower back (Exhibit 11) and the lack of such notation in Dr. Kauffman's report (Exhibit 12). Although we are cognizant of the ALJ's obligation to choose between conflicting medical testimony, *Cotter,* 642 F.2d at 705, such is not applicable in this case. Both doctors' reports essentially conclude that Mrs. Hall's medical condition did not render her disabled. Furthermore, Dr. Kauffman's examination was conducted three months after Dr. Ginsberg's examination and the fact that Dr. Kauffman found no tenderness in the lower back cannot be characterized as contradictory or conflicting.

After a thorough review of the record, it is the decision of this Court that the findings of the Secretary are supported by substantial evidence. Therefore, this Court will enter an Order denying summary judgment to the claimant and granting summary judgment to the defendant.