**Ronald P. MORENCY, Plaintiff,**

**v.**

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 86–3004 (AET).**

United States District Court,
D. New Jersey.

Jan. 12, 1988.

Robert W. Meek, Trenton, N.J., for plaintiff.

Thomas W. Greelsih, U.S. Atty. by Thomas A. Bryan, S.A.U., Newark, N.J., for defendant.

## MEMORANDUM AND ORDER

ANNE E. THOMPSON, District Judge.

The matter before the court on an appeal by plaintiff, Ronald P. Morency, concerns a determination by the Secretary of Health & Human Services ["Secretary"]. Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) of the Secretary's final determination denying plaintiff's application for a waiver of repayment of an overpayment of Supplemental Security Income benefits ["SSI"]. The benefits were paid to the plaintiff's wife as payee on behalf of his children.

## PROCEDURAL HISTORY

Plaintiff's wife, Helena Morency, was advised of an overpayment to her and her two children in July 1982. A waiver was requested by Mrs. Morency which was denied in March 1983. No appeal was taken from this determination. Plaintiff was notified of the alleged overpayment in March 1985. He requested a waiver in April 1985 which was denied in July 1985. He then appeared before a claims representative represented by counsel, Robert W. Meek, Esquire. The claims representative, Harold Neidich, issued a decision on September 6, 1985 which denied the request for a waiver of the overpayment. Plaintiff then requested a hearing before an Administrative Law Judge ["ALJ"]. A hearing was held on February 6, 1986 at which plaintiff appeared with counsel. On February 26, 1986, the ALJ held that plaintiff was not entitled to a waiver of the overpayment because he was not "without fault" in creating the overpayment. Plaintiff then filed a request for review of the hearing decision on March 24, 1986. The request was denied by the Appeals Council by notice dated May 28, 1986, making the decision of the ALJ the final decision of the Secretary.

## STATEMENT OF THE FACTS

Claimant, Ronald R. Morency, filed an application for disability insurance on October 7, 1980. After a hearing before ALJ, Alan M. Neff, the claimant was judged disabled under the Social Security Act as a result of a cerebrovascular accident. Judge Neff determined that the claimant and his family were entitled to benefits under Title II of the Social Security Act. The claimant received his first check in November 1981; however, the benefits did not continue after the initial payment.

Consequently, the claimant and his wife appeared before the Social Security Administration ["SSA"] for an explanation as to why benefits had ceased. Once the error was brought to the attention of the SSA, special payments were issued. The special payments resulted in claimant's wife and children receiving duplicate payments. According to the standards of Title II of the Social Security Act the claimant's wife and children had been overpaid benefits in the net amount of $2,892.40 due to the February 1982 payment. The claimant's wife and children filed a request for waiver of requirement to repay the $2,892.40 overpayment which was denied.

On January 23, 1985 the claimant was informed that the overpayment was not yet repaid and that his benefits would be reduced to accomplish the repayment. Mr. Morency appealed contending that he was not at fault in connection with the overpayments, and, therefore, he should not be required to repay the money. His appeal was denied. Thereafter, claimant filed a request for a hearing. At the hearing plaintiff testified that he and his wife were currently separated; although at the time of the overpayment they were together. Plaintiff stated that since he never opened any of his wife's mail and his wife took care of all the financial matters, he had no knowledge of the overpayment. Mr. Morency also indicated that although the checks were deposited in a joint bank account, he had no active control over the disposition of the funds. Plaintiff did state that in December 1981 he and his wife had gone to the Social Security Office regarding non-receipt of benefits. Mr. Morency indicated, however, that Mrs. Morency had spoken to the representative and he said

nothing. It should be noted that this meeting took place prior to any overpayments being made. Although the overpayment was made to the claimant's wife and children, Social Security Administration Regulations provide for the recovery of an overpayment against any beneficiary on the same wage record as those to whom the overpayment occured. The claimant does not contend otherwise. The plaintiff, however, does contend that he should not be required to repay the overpayment since he was "without fault" as defined in 20 C.F.R. 404.507 in connection with the overpayment and since it would defeat the purposes of Title II of the Social Security Act due to the hardship involved if he were to be required to repay this overpayment.

Mr. Morency had a total family income of $950.00 per month in 1985. This included both his benefits as well as that of his wife and minor children. Plaintiff's total benefit was $608.80 per month as of July 28, 1982. The children received $101.50 each as did Mr. Morency for a total of $911.00. Due to cost of living increases the total family benefit rose to $950.00 per month by April 1985.

Plaintiff's family expenses total $1,045.00 per month. Now that claimant and his wife are separated, he relies solely on his own benefits of $642.00 per month. Plaintiff is not employed, his son received approximately $300.00 per month until August 1986. Plaintiff continues to have the same expenses since he occupies the marital home with his sons. He neither receives support from his wife nor any other financial assistance. Mr. Morency submitted a list of average monthly expenses for the family which totaled $1,045.00.[1]

## DISCUSSION

■ A decision of the Secretary concerning disability benefits must be upheld by the court if an examination of the record reveals substantial evidence supporting the Secretary's conclusion. 42 U.S.C. § 405(g), *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir.1981). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), *quoting, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938), *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir.1981). If there is only a slight preponderance of the evidence on one side or the other, the Secretary's finding should be affirmed. *Toborowski v. Secretary of Health, Education and Welfare*, 363 F.Supp. 717 (E.D. Pa.1973). Thus, the court is to look at the record as a whole and then determine whether or not there is substantial evidence to support the Secretary's decision. *Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir.1981), *quoting Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837, 841 (3d Cir.1974). After examining the complete record in this case, the court finds that the ALJ's conclusions that the plaintiff is not "without fault" fail to correctly apply the appropriate regulation. The burden of proof is on the government to "demonstrate that the claimant was not entitled to the Social Security funds." *Cannuni on Behalf of Cannuni v. Schweiker*, 740 F.2d 260, 263 (3d Cir.1984). The recovery of such overpayments will be waived when:

(a) the overpaid individual was without fault in connection with the overpayment, and

(b) adjustment or recovery of such overpayment would either:

(1) defeat the purpose of title XVI, or

---

**1.** Monthly expenses are:

| | |
|---|---:|
| Mortgage or rent | $ 60.00 |
| Food | 250.00 |
| Clothing | 70.00 |
| Utilities | 200.00 |
| Miscellaneous household expenses | 50.00 |
| Insurance | 150.00 |
| Medical and dental | 60.00 |
| Automobile expenses | 100.00 |
| Other expenses | 10.00 |
| First Card | 60.00 |
| Sears charge | 35.00 |
| | $1,045.00 |

Balance due on charge cards First Card $1300 and Sears $540.00.

(2) be against equity or good conscience, or

(3) impede efficient or effective administration of title XVI due to the small amount involved.

20 C.F.R. 416.550.

In order to determine whether a "representative payee is without fault" all the facts and particular circumstances of the case must be considered, 20 C.F.R. 416.552. Fault will be found if the incorrect payment resulted from one of the following:

(a) An incorrect statement made by the individual which he knew or should have known was incorrect, or

(b) Failure to furnish information which the individual knew or should have known was material;

(c) With respect to the overpaid individual only, the individual did not return a payment which he knew or could have been expected to know was incorrect.

20 C.F.R. 404.507.

The Secretary found that plaintiff was not "without fault" based on his conclusion that plaintiff's allegation that he was unaware of the overpayment, and therefore had no reason to question it, was not credible.

 The ALJ fails to state in his findings which section of 20 C.F.R. 404.507 he is applying in reaching his decision. Having reviewed the facts of this case and the relevant law, the court concludes that the ALJ failed to make a proper finding under any Section of 20 C.F.R. 404.507. Both parties agree that 20 C.F.R. 404.507(c) applies only to the individual who received the overpayment and, therefore, does not apply to Mr. Morency. (Defendant's brief at 5; Plaintiff's brief at 2). Since Section (c) does not apply to Morency any determination by the ALJ that Morency did not return an overpayment which he knew or could have been expected to know was incorrect is improper. Mr. Morency was not the overpaid individual and cannot be required to repay the overpayment pursuant to a finding under 20 C.F.R. 404.507(c).

■ Defendant argues that the ALJ was actually applying 404.507(b) in reaching his conclusion that Morency was liable for the overpayment. If the ALJ thought he was following Section (b), he certainly does not say so and appears to have applied it incorrectly. The ALJ states "an individual is said to be at fault when that individual had information in his possession which would have led to knowledge of an overpayment *at the time it was received."* (Tr. p. 9) [emphasis added]. Section (b), however, applies only in those cases where the overpayment *"resulted"* from a failure to furnish information which the individuals knew or should have known was material. The ALJ does not find that the overpayment to Mr. Morency's wife and children resulted from Mr. Morency's failure to furnish material information. In fact the ALJ makes no finding that Mr. Morency failed to provide the SSA with material information prior to the overpayment being made to his wife and children. Instead, the ALJ finds that at the time the overpayment was received Morency had information in his possession which should have led him to alert the SSA. This finding is not proper under Section (b) as to any individual and cannot be made under Section (c) as to Mr. Morency.

■ The ALJ further finds that "it is reasonable to believe that he [Morency] should have at least questioned the propriety of this payment at the time it was made." (Tr. p. 9). As noted above this finding is improper as to Morency under Section (c). The ALJ must make a finding based on the facts under either Section (a) or (b) and, therefore, the court must remand this matter to the Secretary for a finding in accordance with 20 C.F.R. 404.-507.

It is, therefore,

ORDERED that this matter is remanded to the Secretary for findings in accordance with the appropriate regulation.