Felton PATTON, Plaintiff,

v.

Hon. Otis R. BOWEN, etc., Defendant.

Civ. No. 86–2828 (AET).

United States District Court,
D. New Jersey.

Jan. 28, 1988.

Alexander Levchuk, Levchuk and Wines, Freehold, N.J., for plaintiff.

Thomas A. Bryan, Asst. U.S. Atty., Newark, N.J., for defendant.

## OPINION

ANNE E. THOMPSON, District Judge.

This matter comes before the court on an appeal by the plaintiff from a determination by the Secretary of the Department of Health and Human Services ["Secretary"]. Plaintiff, Felton Patton, brings this action under §§ 205(g) and 1631(c)(3) of the Social Security Act ["Act"] as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking a review of a final determination of the Secretary that plaintiff had engaged in substantial gainful activity and had received an overpayment of disability insurance benefits. The plaintiff also seeks review of the Secretary's finding that plaintiff was not "without fault" in causing the overpayment and that recoupment of the overpayment could not be waived.

## PROCEDURAL HISTORY

On April 3, 1981, plaintiff filed an application for disability insurance benefits alleging disability from April 6, 1980 due to "lost use of left leg." On May 22, 1981, plaintiff's claim was granted. A periodic review in December 1982 indicated that the plaintiff's disability was continuing. Plaintiff stopped receiving Social Security checks in 1984. On April 23, 1985, plaintiff was notified by mail that his period of disability and his benefits were terminated and that he had been overpaid $29,551.40. In August 1985 the Office of Disability Operations advised the plaintiff that a reconsideration determination had affirmed the prior decision that the plaintiff had returned to gainful work in less than 12 months from the start of his disability period and has continued working since that time. Plaintiff requested a hearing. On January 15, 1986, Administrative Law Judge Samuel J. Dantoni ["ALJ"] heard the plaintiff's case. In a decision dated April 18, 1986, the ALJ affirmed the prior decision. On May 30, 1986, on review, the Appeals Council reaffirmed the ALJ's decision. On July 17, 1986 plaintiff filed a complaint in this court.

## EVIDENCE PRESENTED

Plaintiff's left leg was seriously injured by a shotgun blast on April 6, 1980. At that time plaintiff stopped working at his previous job at Amerada Hess, Inc. and began receiving disability income from that company in the form of a total disability pension. Simultaneously, the Social Security Administration ["Administration"] granted plaintiff a period of disability and disability insurance benefits. In December 1982 the Administration reviewed plaintiff's situation and found that his disability was continuing. On November 2, 1983 an anonymous person reported to the Administration that the plaintiff was working. On January 12, 1984 a field representative from the Administration contacted the plaintiff at his residence. A report by the representative dated January 17, 1984 states that the plaintiff was uncooperative. Though the plaintiff was talking with two customers when the representative was present, the plaintiff told the representative that he was not working. The plaintiff did acknowledge that he was the President of Georgia Axle Trailer Sales. The plaintiff denied that he had any employees working for him. When asked for tax returns plaintiff stated that his accountant had them. Plaintiff had printed business cards and his company was listed in the local white and yellow pages. Plaintiff states that the other officers of the trailer company are his brother Thomas Patton and his sister-in-law. They are authorized to sign checks for the company. Plaintiff testified at the hearing on January 15, 1986 that he attended to all the company's bills himself and that he enters into sales contracts with customers. Plaintiff also testified that in 1980 he had two people living on the premises taking care of his animals and that he was farming out all the trailer business to other trailer outfits. He was unable to produce any information regarding these outfits when questioned by the ALJ. Plaintiff's tax records for his trailer company reveal that the company had gross sales of $145,851 in 1980. In 1981,

1982 and 1983 Georgia Axle Trailer Sales, Inc. had gross sales of $65,748, $91,191 and $58,694 respectively. The tax returns do not show any substantial deductions for labor or payment of employee wages. Plaintiff's telephone and utility expenses were about $3900 in 1981, $3400 in 1982 and $6600 in 1983.

On February 16, 1984 plaintiff was contacted by telephone by an Administration representative. Plaintiff said that he would get in touch with his accountant and have his records sent to the Administration. The representative's report indicates that the plaintiff felt that since he does not engage in physical activity the fact that he runs a business should not be counted against him. During another phone contact by an Administration representative on February 23, 1984, plaintiff was asked for the names of any sub-contractors. Plaintiff told the representative that his brother and a college student named Bill sometimes did work for him. No other names or addresses of other subcontractors were provided.

Plaintiff was evaluated on June 7, 1984 by Dr. Sidney Tobias and was found to be "totally disabled". An examination in November 1985 by Dr. Edward Dengrove reported that the outlook for plaintiff at that time was "guarded". A medical report dated February 12, 1985, completed by Dr. B. Richmond, lists plaintiff as totally disabled.

## DISCUSSION

A decision of the Secretary concerning disability benefits must be upheld by the court if an examination of the record reveals substantial evidence supporting the Secretary's conclusion. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (*quoting, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)); *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir.1981). If there is only a slight preponderance of the evidence on one side or the other, the Secretary's finding should be affirmed. *Toborowski v. Finch*, 363 F.Supp. 717 (E.D.Pa.1973). Thus, the court is to look at the record as a whole and then determine whether or not there is substantial evidence to support the Secretary's decision. *Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir.1981) (*quoting Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837, 841 (3d Cir. 1974)).

The first issue to be reviewed in this case is whether during the period of disability determined to have begun in April 1980 the plaintiff was able to engage in gainful work activity, rendering him not "disabled" under the Act. *See* 20 C.F.R. § 404.1520(b). The ALJ, in his decision of April 18, 1986, determined that since plaintiff was able to perform gainful activity he was not disabled. *See* 20 C.F.R. §§ 404.-1571–1574.

The burden is on plaintiff to show entitlement to disability insurance benefits. 20 C.F.R. § 404.703–704. Since the record indicates that plaintiff is operating a business on his premises and since the plaintiff has not offered substantial evidence to rebut or explain the evidence against him, this court must find that the plaintiff has been engaging in gainful work activity since the period of disability was first determined in 1980. Plaintiff argues that he engages in no physical activity, but under the regulations, "substantial work activity is work activity that involves doing significant physical *or mental activities*." 20 C.F.R. § 404.1572(a) (emphasis added). Plaintiff also argues that he has realized no income from his business; however, under the regulations, "work activity is gainful if it is the kind of work that is usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b).

If the plaintiff's duties require using his "experience, skills, supervision and responsibilities ... this tends to show that [plaintiff] has the ability to work at the substantial gainful activity level." 20 C.F.R. § 404.1573(a). 20 C.F.R. § 404.1575 outlines the considerations to apply to individuals who are self-employed. Using these

guidelines, this court finds no evidence in the record that the plaintiff is not contributing significant services to the business. Since the Secretary's finding that the plaintiff is not disabled is supported by substantial evidence in the record, this court must affirm that finding.

The next issue to consider is whether the Administration ought to waive the recoupment of the overpaid benefits. The Act requires that excess payments be recovered unless the following requirements are met:

(1) the overpaid individual is without fault in causing the overpayments; and

(2) recovery would either (a) defeat the purpose of Title II of the Act, or (b) would be against equity and good conscience.

20 C.F.R. § 404.506.

The Administration should consider all pertinent circumstances including the plaintiff's age, intelligence, education and physical and mental condition in determining if the plaintiff is "without fault". 20 C.F.R. § 404.507. A determination that fault exists on the part of the overpaid individual will be made if the payments resulted from:

(1) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

(2) Failure to furnish information which he knew or should have known to be material; or

(3) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507.

■ Plaintiff argues that he did not have the capacity to deal with the intricacies of the social security system and, therefore, should not be held liable for failure to furnish information to the Administration. Based on the record, however, it is apparent that the plaintiff had sufficient intelligence, education and mental capacity to handle the operation of a substantial business enterprise. In fact he incorporated the business in February 1982, after he began receiving social security benefits. The court finds there was sufficient evidence to conclude plaintiff was capable of understanding the Administration's procedures. Even though the plaintiff may not have realized at the time that his disability began that operating a business could be considered a gainful work activity, he should have realized it by the time his period of disability was renewed in December 1982. The Administration sent plaintiff a notice telling him that his disability was continuing. The notice directed the plaintiff to "promptly report events which may affect your benefits," and requested that plaintiff notify the Administration if he returns to work, no matter how little he earns. The court finds that there is substantial evidence in the record that plaintiff failed to furnish information "which he knew or should have known to be material." 20 C.F.R. § 404.507(b).

The plaintiff has an obligation to exercise a high degree of care. 20 C.F.R. § 404.511. *See Elliot v. Weinberger,* 564 F.2d 1219, 1232 (9th Cir.1977). Taking into account the circumstances surrounding the plaintiff's case, there is substantial evidence in the record that the plaintiff did not use the degree of care necessary to render him "without fault" in causing the overpayments.

Since the plaintiff is not "without fault," this court does not have to reach the issue of whether the recovery of the overpayments is against the purposes of Title II or against equity and good conscience. To decide this issue in plaintiff's favor, there would have to be evidence in the record that the plaintiff "needs substantially all of his current income (including social security monthly benefits) to meet current ordinary and necessary living expenses." 20 C.F.R. § 404.508(b). There is no evidence to this effect in the record. The record also does not reflect any inequities that would result from recovering the overpaid benefits from plaintiff. Waiver of the overpaid benefits will not be allowed since plaintiff has failed to provide evidence showing that he meets any of the regulation's required circumstances. *See* 20 C.F.R. § 404.506–507.

The plaintiff's claim that he has been denied his due process rights is without merit. In *Elliot v. Weinberger, supra,* the court states that in recoupment cases, "the claimant should be afforded the following rights:

(1) to present his case orally and to submit evidence with witnesses or documents;

(2) to cross-examine adverse witnesses;

(3) to be represented by counsel;

(4) to have an impartial hearing officer;

(5) to receive a statement written by the hearing officer setting forth his decision and the reasons and evidence in support of it; and

(6) to receive adequate notice.

*Id.* at 1235.

The court in *Elliot* went on to state that "adequate notice is notice which 'inform[s] the recipient of the basis of the recoupment, the procedural rights available to the recipient, and the consequences if the recipient exercises those rights.'" *Id.* at 1235. The letter from the Administration to the plaintiff dated April 23, 1985 gave plaintiff notice of the Administration's determination of benefits, the basis for the recoupment of benefits, as well as the procedures that plaintiff could follow to obtain a reconsideration hearing. At plaintiff's hearing on January 15, 1986, he had the opportunity to present his case orally, to submit evidence, to cross-examine witnesses, to have counsel represent him, and to have an impartial hearing officer. Plaintiff ultimately received the hearing officer's decision including the reasons and evidence supporting the decision. The Supreme Court has held that when those steps are taken, the claimant's due process rights are not denied. *Elliot v. Weinberger, supra,* at 1235, citing *Goldberg v. Kelly,* 397 U.S. 254, 267–271, 90 S.Ct. 1011, 1020–1022, 25 L.Ed.2d 287.

The record further indicates that the plaintiff was contacted by Administration representatives a number of times in 1984 by telephone and in person. At that time plaintiff may have been put on notice that the Administration was questioning his disability status. Since the plaintiff has failed to present evidence that he was not put on notice by either the Administration contacts in 1984 or the letter of April 23, 1985, we must assume that adequate notice was received and that plaintiff knew of the Administration's decision to terminate his disability and to recoup the overpayments. Furthermore, on January 12, 1984 and on February 16, 1984, plaintiff signed forms which he completed for the Administration regarding his work activities. The court may also conclude that plaintiff knew of his rights to a reconsideration hearing since he exercised them in a timely fashion and was granted a hearing. This court finds that plaintiff's due process rights were not denied.

The decision of the Secretary that the plaintiff is not "without fault" in causing the overpayments and that the circumstances required to waive the recoupment of the overpayments do not exist is supported by "substantial evidence." *Richardson v. Perales, supra.* The court will affirm the Secretary's decision.