**James SLOAN, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. No. 83–2392 (AET).

United States District Court, D. New Jersey.

Oct. 14, 1987.

Joseph L. Gijanto, Shebell & Schibell, Asbury Park, N.J., for plaintiff.

Cornelia E. Dude, Sp. Asst. U.S. Atty., Newark, N.J., for Secretary.

## OPINION

ANNE E. THOMPSON, District Judge.

### NATURE OF ACTION

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Secretary denying plaintiff's claim for a period of disability and disability insurance benefits.

### PROCEDURAL HISTORY

Plaintiff, James Sloan, initially filed for benefits on January 23, 1980. Plaintiff alleged an inability to work due to lung disease and heart condition. The application was granted on initial review with the onset date set as March 7, 1977. Upon learning that plaintiff last met the earning requirement for disability benefits on March 31, 1976, the Secretary reopened the decision. The Secretary, in a decision dated June 28, 1980, noted that although the claimant is presently disabled he was not disabled on or before March 31, 1976. Accordingly, the Secretary denied plaintiff's application for benefits. This decision was affirmed on reconsideration.

On October 6, 1982, a hearing was held before an administrative law judge ["ALJ"]. The ALJ found that plaintiff was not entitled to a period of disability and disability insurance benefits. The ALJ's decision became the final decision of the Secretary when it was affirmed by the Appeals Council on May 26, 1983. Plaintiff subsequently filed a complaint in the United States District Court for the District of New Jersey. Pursuant to § 205(g) of the Social Security Act the case was remanded to the Secretary. On remand, the Secretary was instructed to reevaluate all the evidence of record in light of the Veterans Administration's finding that plaintiff was disabled as of March of 1976. The Secretary was also instructed to consider the report of plaintiff's treating physician with respect to the Act's durational requirement.

In a decision dated June 20, 1985, the ALJ again found that plaintiff was not entitled to a period of disability or disability insurance benefits. This decision was affirmed by the Appeals Council on September 18, 1985. Plaintiff then filed to have the case reopened by this court.

### STATEMENT OF FACTS

The plaintiff, James Sloan, who is now 56 years of age, is a high school graduate. He has been a heavy equipment operator for nearly twenty-five years.

### MEDICAL EVIDENCE

Plaintiff first stopped working on June 15, 1975 because of a broken arm. Due to chest pains and shortness of breath plaintiff never returned to work. In February of 1976 his chest pains became so severe that at one time he was taken to the emergency room of a hospital. Plaintiff testified that he takes nitroglycerin for his chest pains depending upon their severity. Plaintiff also testified that he has difficulty sleeping because he is unable to lie on his back. Furthermore, plaintiff is unable to do any shopping or cleaning as he tires after walking half a block. Plaintiff's disability report of January 23, 1980 states that he suffered from heart attacks in June of 1975, June of 1976, and February of 1979. Plaintiff is currently receiving Veterans Administration disability benefits. The Veterans Administration found plaintiff disabled as of March of 1976.

In a report of June 24, 1980, plaintiff's treating physician, Dr. Ricaurte Camilo, states that plaintiff was seen on four occasions between February and April of 1976 for chest pain and shortness of breath. Dr. Camilo's first examination of plaintiff in February of 1976 revealed chronic lung disease, emphysema, and left ventricular hypertrophy. Dr. Camilo found plaintiff to be totally disabled as of February 17, 1976.

### DISCUSSION

A decision of the Secretary concerning disability benefits must be upheld by the court if an examination of the record re-

veals substantial evidence supporting the Secretary's conclusion. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), *quoting, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938), *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir.1981). If there is only a slight preponderance of the evidence on one side or the other, the Secretary's finding should be affirmed. *Toborowski v. Secretary of Health, Education and Welfare*, 363 F.Supp. 717 (E.D.Pa.1973). Thus, the court is to look at the record as a whole and determine whether or not there is substantial evidence to support the Secretary's decision. *Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir.1981), *quoting Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837, 841 (3d Cir.1974).

] To make the decision as to disability, the ALJ must determine (1) whether the claimant is currently working; (2) whether the impairment meets or equals an impairment listed in Appendix 1 of the regulations; (3) whether the claimant retains the residual functional capacity to do his or her past work; and (4) whether he or she can perform any other jobs existing in the national economy. *Santise v. Schweiker*, 676 F.2d 925, 927 (3rd Cir.1982). Plaintiff has the initial burden of demonstrating by medical evidence that he is unable to return to his former occupation. *Santise v. Schweiker*, supra at 938, *quoting Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir.1979). Once plaintiff has met that burden, then the burden shifts to the Secretary who must establish by substantial evidence that plaintiff, in view of his age, education, work experience and degree of impairment, has the ability to engage in alternative substantial gainful employment. *Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984).

 On remand the Secretary was requested to consider the Veterans Administration's finding that plaintiff was disabled as of March 31, 1976. As the court said in *Fowler v. Califano*, 596 F.2d 600, 603 (3d Cir.1979), while the Secretary is not bound by the decisions of other agencies, "they are entitled to weight and must be considered." The Secretary found that the Veterans Administration considered plaintiff 60 percent disabled due to his emphysema. The Secretary concluded that this degree of disability was insufficient to find the plaintiff disabled under the Social Security Act. The Secretary was also requested to reconsider Dr. Camilo's report with respect to the Act's durational requirement. The Secretary rejects Dr. Camilo's finding of left ventricular hypertrophy in favor of Dr. Cagan's findings that the x-rays reveal no such ailment. It must be noted that Dr. Cagan was a consultative physician whose findings were based solely on the records, without any examination of the claimant.

Pursuant to section 405(g), the Secretary's finding should not be disturbed on appeal if it is based on substantial evidence. Substantial evidence is defined as such evidence that a "reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). The only medical opinion which conclusively held that Mr. Sloan was not disabled as of March 1976 is that of Dr. Cagan. Dr. Cagan, a medical advisor to the Secretary, based his opinion as to plaintiff's disability solely on his review of the medical reports. He never examined Mr. Sloan. In *Richardson v. Perales*, the United States Supreme Court noted that medical advisors are "used primarily in complex cases for explanation of medical problems in terms understandable to the layman-examiner." 402 U.S. at 408, 91 S.Ct. at 1431. The court does not indicate what weight the advisor's opinion should be given in comparison with the weight accorded the views of examining physicians. The Third Circuit has noted that in cases where the medical advisors' reports corroborate the reports filed by attending physicians the Secretary

may rely on the reports of the medical advisors. *Winfield v. Mathews*, 571 F.2d 164, 169–70 (3d Cir.1978), *cert. denied*, 439 U.S. 869, 99 S.Ct. 198, 58 L.Ed.2d 180. The *Winfield* court, however, noted that the case before it was distinctly different from · a case in which "the sole evidence supporting such [administrative] denials was from the non-examining medical advisor who contradicted attending physicians' opinions as to the severity of disability." *Id.*, at 170. A number of other circuits have found that the opinion of a medical advisor who has never examined the patient or done anything other than review the records provided to him is worthy of less weight than the opinion of a treating physician. *See Havas v. Bowen*, 804 F.2d 783, 786 (2d Cir.1986) (and cases cited therein); *Landess v. Weinberger*, 490 F.2d 1187, 1190 (8th Cir.1974).

Plaintiff's treating physician, Dr. Camilo, has stated that plaintiff was totally disabled as of February 17, 1976. Dr. Camilo found that the plaintiff suffered from left ventricular hypertrophy and emphysema with large blebs in both lungs. The only evidence which the ALJ cites to in contradiction of Dr. Camilo's diagnosis is Dr. Cagan's advisory opinion made on the basis of plaintiff's medical records. Dr. Cagan's opinion should not outweigh the opinion of the treating physician. As the court finds that the Secretary did not properly weigh the evidence, it becomes unnecessary to reconsider the Secretary's analysis of the Veterans Administration's finding that plaintiff was disabled as of March 31, 1976.

The uncontradicted report of Dr. Camilo is substantial evidence that the plaintiff is entitled to benefits. The report of Dr. Cagan should not be given equal weight. In order to conclude that Mr. Sloan is not disabled, the Secretary must consider additional evidence. Accordingly, the decision of the Secretary is remanded and the Secretary is ordered to obtain an examination of the plaintiff by a consultative physician and, then, properly weigh all the relevant evidence. The court will file an order consistent with this opinion.